(No. 26206.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ADELINE JEDYNAK *et al.* Plaintiffs in Error.

*Opinion filed Sept. 17, 1941—Rehearing denied November 18, 1941.*

EDWARD M. KEATING, for plaintiffs in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN T. GALLAGHER, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiffs in error, Adeline Jedynak and Helen Zenik, hereinafter referred to as the defendants, were indicted in the criminal court of Cook county for the crime of larceny. More specifically, they were charged with the larceny of two straw hats and one purse, the property of Marshall Field & Company, a corporation, on June 15, 1940. They were tried by a jury, found guilty and sentenced by the court pursuant to the statute. Motions for new trial and in arrest of judgment were overruled.

Ora Bowers, called as a witness on behalf of the People, testified that she was employed as a special police-woman by Marshall Field & Company, and on the day in question, June 15, 1940, she saw the defendants at the purse counter. She had known Adeline Jedynak for about six years. She saw these women handle the purses and observed Mrs. Zenik, one of the defendants, select a white purse and hand it to Mrs. Jedynak, who then stepped back of Mrs. Zenik and placed it under her coat. They then left the store and she followed them and saw Mrs. Jedynak take the purse from under her coat and place it in a paper bag that Mrs. Jedynak was carrying. The defendants proceeded to the men's store, which is across the street at the

corner of Wabash and Washington streets, and which is occupied by Marshall Field & Company, and she (Mrs. Bowers) proceeded to call the office of the company for assistance. One Andrew Novikoff, a special officer of Marshall Field & Company, joined her in the men's store. The witness observed the defendants in the men's hat section and saw Mrs. Zenik hand two hats to Mrs. Jedynak, who again stepped back of Mrs. Zenik and placed the hats under her coat. She observed them leave the store and proceed into the vestibule of the annex where Mrs. Jedynak placed the two hats in a gray bag. The defendants then proceeded to the fifth floor where they purchased a fishing rod. The witness testified further that she saw Novikoff on the main floor of the men's store and spoke to him. They followed the defendants out of the store and near the south entrance of the men's store Novikoff and herself took the defendants into custody and took them to the special service office of the company. Mrs. Jedynak was searched and the purse found on her person. When Mrs. Zenik was searched two panama hats were found in a gray paper bag. This bag was not one that came from Marshall Field & Company and there were no sales checks, and no sales checks were found on the defendants nor were any produced. The witness testified that she interrogated Mrs. Jedynak and asked her why she did such a thing, and the latter replied that she did not have money enough to pay for the purse or the hats. Mrs. Zenik, in answering to interrogations by the witnesses, stated practically the same thing. Neither appeared to have denied the charge of having stolen the property. The witness testified that no threats, nor promises of any kind whatsoever were made to the defendants. Novikoff, called as a witness on behalf of the People, testified that he was employed as a special service officer by Marshall Field & Company, and that he was present in the men's section of the store and saw the defendant Zenik take the hats in question and place one

inside of the other and hand them to the defendant, Jedynak, who was standing back of her, and the defendant Jedynak then placed the two hats inside of the coat that she was wearing. The two defendants then walked west into the lobby of the building where the defendant Jedynak, who was carrying the hats, took them outside of her coat and placed them in a paper bag. He did not observe any salesman waiting on them, nor were the hats wrapped up when defendant Jedynak placed them in the bag.. The testimony of this witness corroborated that of the witness, Bowers, in all respects as to what took place in the Marshall Field's men's store, as well as the conversation held with the defendants in the special service room.

Employees of Marshall Field & Company identified the purse and hats as the property of Marshall Field & Company and placed the value of the purse at $5 and the hats at $10 each. The defendants took the stand and denied having taken the property, and denied having made the statements in the presence of witnesses in the special service room, as to why they had taken the property. The defendant Zenik testified that she ran a beauty parlor and, in addition, did beauty parlor work at the homes of various clients. She stated that the pocketbook was given to her by Mrs. Smith shortly after Christmas; that Mrs. Smith had gone to California shortly after Christmas on a vacation and she did not know whether she was still there or not, and made no effort to find her, nor did she remember her first name. Neither witness, however, charged ·that there was any intimidation or threats or promises of immunity made to them at any time while under arrest.

The defendants have argued as error two points, first, that the testimony of the confession was inadmissible, and rely upon the case of *People* v. *Royals*, 356 Ill. 628. In that case, however, there was evidence of brutality—a long and protracted interrogation by the police and threats of intimidation. There was no such evidence in the case at

bar and the cases are not analogous. It is also urged as a ground for reversal that it was error to permit the witness Bowers to testify that she had known the defendant Jedynak under the name of Tillie Ovalski prior to the date upon which she was arrested. The police officer, who was called in and who made the arrest, testified that he had known the defendant Jedynak under the name of Mary Wosik and Margaret Wawalski. It is insisted that this evidence suggested a previous criminal record. The indictment in the case charged the defendants under several *aliases,* and no motion was made to quash. It is not error to charge a defendant in his proper name as well as under an *alias* in an indictment. The challenged testimony was admissible.

Counsel rely upon the case of *People* v. *Decker,* 310 Ill. 234. In that case the defendant was asked whether or not he had been in trouble before and whether or not he had had criminal charges preferred against him. No such questions were asked in the case at bar, nor was it disputed that the defendants had been known under names other than their own. The purpose of the question was largely one of identification and in substantiation of the charge in the indictment that the defendants were known under the *aliases* charged therein.

There is no reversible error in the record so far as we have been able to ascertain but, on the other hand, the proof is clear and convincing. The defendants were caught in the act with the property in their possession and without any evidence of purchase.

For the reasons stated, the verdict of the jury and the judgment thereon are correct, and the judgment is, therefore, affirmed. *Judgment affirmed.*