THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARLTON ROBERT WARD, Defendant-Appellant.

Fourth District   No. 13892

Opinion filed June 20, 1977.

Lewis, Blickhan, Tucker & Longlett, of Quincy, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Robert C. Perry and Marc D. Towler, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

After a trial by jury in the Circuit Court of Adams County, defendant Carlton Robert Ward was convicted of the offense of indecent liberties with a child and sentenced to 10 to 25 years imprisonment. He appeals contending that: (a) his guilt was not proved beyond a reasonable doubt, (b) the trial court abused its discretion in denying his motion for change of venue, (c) his constitutional right to speedy trial was denied, and (d) the court erred in rulings on evidence and instructions.

Section 11—4 of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 11—4) provides that a person of the age of 17 years and upwards who performs an act of deviate sexual conduct with a child under the age of 16 commits the offense of indecent liberties with a child. At trial the sole

direct evidence of the offense was the testimony of the alleged victim Kenneth "Kenny" Forbes who at the time of the alleged occurrence on May 20, 1974, was an 11-year-old educable mentally handicapped boy who delivered newspapers after school. He testified that on that date after school was over he went to the corner of 24th Street and Broadway in Quincy where he usually picked up his papers. On several prior occasions he had met defendant, an adult male, at a donut shop at that corner and defendant had bought him donuts and sodas. On May 20, 1974, the day in question, he went to the donut shop to wait for defendant who soon arrived and bought him a soda and a donut. Kenny testified that as he was leaving, the defendant asked him to go with defendant in defendant's car but he refused. According to Kenny's testimony, after a second request and refusal, defendant grabbed Kenny and pulled him into the car. Kenny stated that defendant then took him to defendant's house where they went inside and into defendant's bedroom where defendant had Kenny pull down his pants and had anal intercourse with Kenny. Defendant then took Kenny back to the corner of 24th and Maine and Kenny delivered his papers.

Kenny's testimony was impeached in numerous minor details by inconsistent statements he had made to police and investigators and at the preliminary hearing. At trial he testified that the deviate act took 5 to 15 minutes where earlier he had said that it lasted 45 minutes or more. He stated that his anus did not become sore. An examination of Kenny by a physician more than 24 hours after the occurrence produced findings that were "essentially negative." Some evidence was presented in corroboration of Kenny's testimony. His foster mother testified that he was late in coming home that evening after delivering papers. The evidence showed that defendant owned a car of the description and license number described by Kenny to the police, even though Kenny testified that he had never seen the car before the day of the alleged occurrence. Kenny was also able to show the police the location of the house where the acts were alleged to have occurred and this house was shown to belong to defendant. Alibi evidence was produced by defendant's son Ricky Ward, who testified that he, a friend, and defendant went bicycle riding that evening. Ricky was unable to remember the weather. Ricky's friend Bryan Phillips testified that he had gone bicycle riding with Ricky and defendant one evening in the latter part of May 1974 but could not recall the exact date. He thought it had rained that evening, however. Evidence presented by the State indicated that no rainfall was recorded in Quincy on May 20, 1974.

■■ Defendant's contention that the evidence was insufficient to prove his guilt beyond a reasonable doubt is based upon the impeachment of Kenny's testimony, Kenny's lack of mental capacity, and the lack of

corroboration of his testimony. The parties do not dispute that in a case where the offense of indecent liberties with a child is charged and the direct proof rests upon the testimony of the complainant, that testimony must be clear and convincing or the complainant's testimony must be substantially corroborated. (*People v. Everhart* (1974), 22 Ill. App. 3d 727, 317 N.E.2d 720.) Defendant argues that the evidence here failed to meet that test and was similar to that in *People v. Hinton* (1958), 14 Ill. 2d 424, 152 N.E.2d 830. There, the supreme court reversed a conviction for indecent liberties where the testimony of the complainant was not only impeached as here but was also internally inconsistent and the defendant himself testified to an alibi substantiated by several other witnesses. In *Hinton,* there was no evidence that the complaining witness had ever seen the defendant before and identification was an issue.

■■ Although Kenny's testimony was substantially impeached, it was internally consistent. Nothing that he testified to was inconsistent with the offense having occurred. Defendant emphasizes the inconsistency between Kenny's prior statement that the act continued for over 45 minutes and the indication that he did not become sore. Under the circumstances, however, a misconception of time by one of Kenny's mentality would not be unusual. The case is like those of *People v. Padfield* (1974), 16 Ill. App. 3d 1011, 307 N.E.2d 183, and *People v. Wendt* (1968), 104 Ill. App. 2d 192, 244 N.E.2d 384, where convictions for indecent liberties were permitted to stand although the complainant was substantially impeached in detail and the corroboration not very substantial. According to a teacher, although Kenny was 11 years old at the time of the occurrence, he had the mental capacity of an 8 year old. Were the accuracy of details necessary to prove the offense, we would reverse. An 8 year old is capable of reporting that a person committed the acts charged here. No question of the accuracy of identification is involved. The sole question is whether Kenny is lying. No motive to lie was shown. His lack of mental capacity explains rather than compounds his impeachment as to detail. The weight of his testimony is strengthened by the corroborative evidence. We find the evidence sufficient to support the verdict.

On December 4, 1975, the case was set upon the calendar of Judge Richard F. Scholz for trial by jury on January 12, 1976. On January 7, 1976, defendant filed a motion for substitution of judge supported by defendant's affidavit which stated that Judge Scholz had accepted a plea of guilty by defendant to a similar charge at an earlier date and in sentencing had had occasion to read a probation report which contained information prejudicial to defendant. The affidavit also stated that shortly after that sentencing he had had a conversation with Judge Scholz in a parking lot and believed that the conversation also prejudiced the judge

against defendant. The affidavit concluded by saying that Judge Scholz had later recused himself in another case involving defendant.

The motion was called for hearing. No evidence was offered by either side. The court noted that the trial would be by jury rather than by the court and stated that the motion was not timely filed. The court then stated "the motion appears to have been filed for purposes of delay and the motion is denied." A renewed motion for substitution of judge was filed on January 19, 1976. A hearing was held on that motion the next day, arguments were made but no evidence was offered, and again the motion was denied. The trial began on January 23, 1976.

Prior to January 1, 1964, the effective date of the Code of Criminal Procedure (Ill. Rev. Stat. 1963, ch. 38, pars. 100—1-126—1), motions in criminal cases for substitution of judges were governed by section 18 of "An Act to revise the law in relation to venue" (Ill. Rev. Stat. 1961, ch. 146, par. 18), which provided that if a petition for change of venue on account of the prejudice of the judge was in compliance with the statute, the defendant had an absolute right to a change of venue. (*People v. Gregory* (1958), 16 Ill. App. 2d 576, 149 N.E.2d 198.) If, however, the motion was made under circumstances which showed that its purpose was delay, the trial court could properly deny the motion. (*People v. Beamon* (1962), 24 Ill. 2d 562, 182 N.E.2d 656.) Section 114—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114—5) now provides that a defendant, filing a motion within 10 days after the case has been set upon the trial calendar of a judge, may request the substitution of any two judges on the grounds of prejudice and that the court must allow that motion as a matter of right. That section further provides that a defendant "may move at any time for substitution of judge for cause, supported by affidavit" and that the court shall hold a hearing and make a determination on the merits of the motion.

■■ Under section 114—5, a motion alleging prejudice and supported by affidavit has been held to be timely filed although made long after the case had been placed on the trial call of a judge where the grounds for prejudice had only recently come to the attention of the defendant. (*People v. Lagardo* (1967), 82 Ill. App. 2d 119, 226 N.E.2d 492.) No case has been called to our attention directly ruling upon whether a motion for change of venue supported by affidavit is timely filed where as here the grounds of the alleged prejudice have been long known to the defendant and the motion is made long after the 10 days have expired and close to the trial setting. That a jury was to be the trier of fact instead of the judge is not a ground upon which a motion for substitution of judge for prejudice may be denied. (*People v. Evans* (1971), 1 Ill. App. 3d 158, 273 N.E.2d 71.) We need not decide whether the finding by the judge that the

motion was filed for delay is a sufficient ground because we do not determine a sufficient showing of prejudice to have been made.

Defendant concedes that the mere fact that a judge has heard a prior case in which the defendant was a party is insufficient to prove prejudice. (*People v. Campbell* (1975), 28 Ill. App. 3d 480, 328 N.E.2d 608.) Here, however, defendant contends that the information in the probation sentencing report would, because of the type of offense involved, of necessity have been emotion provoking. We do not consider the distinction to be valid as all information concerning prior offenses by a defendant has a tendency to prejudice a judge unless he is able to properly put it aside. The affidavit did not set forth how the encounter in the parking lot was prejudicial and no evidence was produced to support it. The record does indicate, however, that in considering defendant's motion for substitution of judge filed in a probation revocation proceeding in 1973, the judge was presented with evidence concerning that encounter. In that case, the judge denied the motion for substitution of judge but voluntarily removed himself from the case and assigned it to another judge.

■■ Defendant maintains that the trial court failed to hold hearings on the motion and renewed motion for substitution of judges. The record shows, however, that hearings were held. No evidence was presented but no evidence was offered. Although the judge did not ask if evidence was to be presented, defendant did not request an opportunity to do so. The record indicates that the parties understood that the court was proceeding upon the basis that the nonconclusionary statements in the affidavit were true. Considerable information concerning prior litigation where defendant was before Judge Scholz is presented in a supplemental record filed by agreement. Since that material was not presented to the trial court, however, we do not deem it proper for us to consider it. Under these circumstances we do not find the refusal of the judge to allow the motion for substitution of judges to be reversible error.

■■ The factors relevant to determining whether an accused's constitutional right to a speedy trial has been violated are the length of and reasons for the delay, prejudice to defendant occasioned thereby and his assertion of his rights. (*Barker v. Wingo* (1972), 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182.) The time here from filing the information to trial was 20 months. At least three continuances were granted at defendant's request. Defendant was on bond throughout. No showing was made that he lost any witnesses and the witnesses he called did not appear to suffer by loss of memory. Defendant made no demand for trial and did not object to continuances requested by the State. The record falls far short of showing a denial of defendant's constitutional right to a speedy trial.

■■ The court held a hearing to determine Kenny's competency to testify, examining his "intelligence, understanding and moral sense" (*People v. Sims* (1969), 113 Ill. App. 2d 58, 61, 251 N.E.2d 795, 796-97; *People v. Hall* (1971), 1 Ill. App. 3d 949, 959, 275 N.E.2d 196, 202). Defendant argues that Kenny did not show that he understood the obligation to speak truthfully and that that plus his mental deficiency rendered him incompetent. Kenny did state, however, that he thought that he would go to hell if he lied. He also showed ability to "observe, recollect and communicate." Under these circumstances, "any mental deficiency then goes only to the weight of his testimony." (Cleary, *Handbook of Illinois Evidence* §8.2 (2d ed. 1963).) The court's determination that Kenny was a competent witness was not error.

Other claims of error require little comment. No abuse of discretion occurred when the court refused cross-examination of Kenny about a slight discrepancy between his testimony at trial and a prior statement as to when he first arrived at the donut shop. Defendant was not harmed by weather reports for the whole month of May 1974. Evidence in the reports indicating that it did not rain in Quincy on May 20 tended to refute the testimony that defendant had gone bicycle riding with his son and a friend of his son's on the evening of May 20 because his son's friend testified that he thought it had rained on the evening of the bicycle ride. Since Kenny's testimony was admissible direct evidence the court properly refused to give the second paragraph of IPI Criminal No. 3.02 on circumstantial evidence.

Finding no reversible error to have occurred, we affirm the conviction and sentence.

Affirmed.

CRAVEN, P. J., and KASSERMAN, J., concur.