THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT PINCHOTT, Defendant-Appellant.

Fourth District   No. 13898

Opinion filed December 16, 1977.

REARDON, J., dissenting.

Marvin J. Leavitt, R. Brent Daniel, and Michael L. Pritzker, all of Pritzker and Glass Ltd., of Chicago, for appellant.

Ronald Dozier, State's Attorney, of Bloomington (Robert C. Perry and James G. Condon, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This appeal follows a bench trial in the circuit court of McLean County in which the defendant was found guilty of unlawful delivery of a controlled substance in violation of section 401 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, par. 1401(d)). He was thereafter sentenced to a term of imprisonment of 1 2/3 to 5 years as a Class 3 felony. This term was ordered by the trial court to be served concurrently with a sentence imposed in a companion case of *People v. Pinchott*, 75-CF-204, appeal pending in this court under our general number 13839, sentence in the latter case being 1½ to 4½ years.

Defendant raises four basic issues to be decided: (1) Whether the trial court erred in failing to recuse himself; (2) whether the purported substance might have been adulterated in a field-testing procedure; (3) whether a proper chain of custody was established; and (4) whether there was an abuse of discretion in sentencing.

Concerning the recusal issue, much of what was said in our recent opinion in *People v. Ward* (1977), 49 Ill. App. 3d 780, 364 N.E.2d 708, applies with equal force in the case at bar. Defendant's motion for substitution was not timely; it was made on the day of trial. Furthermore, the record reveals that the trial court permitted the motion to be made orally without the necessary supporting affidavits, counsel having represented to the court that the affidavits and written motion would be filed at a later date. They were not. In their absence, we decline to speculate upon what they might have shown.

■■ At the oral argument the principal contention of defense counsel was that since the same judge had imposed sentence in the companion case above referred to, he was prejudiced in the instant case. This is not the law (*People v. Campbell* (1975), 28 Ill. App. 3d 480, 328 N.E.2d 608; compare *Ward*), and without more, the trial court was justified in denying the motion.

■■ Defendant appears to argue that the "hearing" on a recusal motion required by section 114—5(c) of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 114—5(c)) must be an evidentiary hearing. We do not read it so narrowly. The trial court, with the consent of the People,

allowed defense counsel to argue his motion prior to filing the formal written document supported with affidavits as required by statute. This was the liberal approach called for in the cases concerning this matter, and the failure to follow-up by filing the written matter, in effect, waives any alleged error. There was no evidence for the trial court to consider and therefore, none for us. Defendant had his "hearing" within the meaning of section 114—5(c).

■■ Defendant next contends that the substance in question might have become adulterated on account of field-testing procedures. This grows out of testimony by one Dennis Garrett, an undercover agent for the Multi-County Narcotics Enforcement Group (herein M.E.G.). Garrett testified that defendant sold him two plastic bags containing a white powdery substance on January 21, 1975, at Normal, Illinois. Garrett returned to his office and field-tested the substance with equipment which he had in his desk. Much was made at the trial and before us as to whether the testing equipment might retain a residue of something from a previous test. Garrett's lack of knowledge concerning the cleanliness of his instruments does not sway us, because the prosecution is not required to exclude every possibility of tampering. Rather, all that is required is that the trier of fact be satisfied that the substance has not been changed in any material respect. (*People v. Litterio* (1975), 32 Ill. App. 3d 255, 336 N.E.2d 190.) The prosecution met its burden in this regard and no error ensued.

Defendant's third contention concerns chain of possession or custody. After making the field test as above described, Garrett testified that he placed the substance in a sealed bag, marked with evidence tags bearing his initials, the date, time and inscription "Exhibit No. 1." The sealed bag, containing the two plastic bags with the powdery substance, was then placed in a locked box which was then locked in the trunk of Garrett's automobile. Two days later Garrett drove to Peoria and turned the sealed bag over to Barbara McConnell, an evidence clerk at police headquarters.

McConnell's testimony contained a description of the standard procedures she used in receiving and storing property for the M.E.G. She also stated that she received People's Exhibit No. 1 from agent Garrett, that she marked it, placed it in the evidence vault and later removed it from the vault, turning it over to agent Dean Bacon. Bacon testified that when he received the exhibit from McConnell, he transported it to the Illinois Bureau of Investigation's Crime Laboratory in Pekin, locking it in an evidence locker for chemist Joe Bubonic. Bubonic testified that he took the exhibit from the locker, marked it, conducted tests on the powder, stored it in an evidence vault before finally returning it to Bacon. Bacon stated that he returned the exhibit to the M.E.G. evidence vault in Peoria, removing it later so that it could be presented at defendant's trial.

■■ The State has the burden of proving the continuous, uninterrupted possession of the alleged controlled substance in this case. It must also demonstrate that the exhibit is in substantially the same condition as at the time of the offense. Failure to do so raises a reasonable doubt as to the identity of the substance sought to be introduced. (*People v. Anthony* (1963), 28 Ill. 2d 65, 190 N.E.2d 837.) It is clear in the instant case, however, that the State has sustained its burden in this regard. Our review of the record has disclosed nothing which casts a reasonable doubt on the chain of custody proved by the State, or in the integrity of the substance admitted into evidence.

We turn finally to the most troublesome aspect of this case, that of punishment. We are aware of the facts that the defendant has no prior criminal record, that at the time of this offense he was an employed undergraduate student at Illinois State University within 10 credit hours of graduation, and that he intended to pursue graduate studies. We are likewise aware of the remarks made by our colleagues in the majority in the companion case above referred to.

In a number of recent cases involving the same trial judge this court has vacated sentences and remanded for new sentencing (*People v. Honn* (1977), 47 Ill. App. 3d 378, 362 N.E.2d 90; *People v. Wilson* (1977), 47 Ill. App. 3d 220, 361 N.E.2d 1155; *People v. Brooks* (1977), 46 Ill. App. 3d 1071 (Rule 23 order).) In each case the State sought appeal to the supreme court and in each case it was denied. The touchstone in this court appeared to be the words "occasional petty distributor" which appear in section 100 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1100) delineating the general policy of the legislature in this field.

We point out that the statute does not say that all "petty distributors" shall receive a slap on the wrist; it says that they shall be treated with less severity than large-scale traffickers and "wide latitude in sentencing discretion" is conferred on the trial judge.

The most recent pronouncement of the supreme court on the subject of appellate review of sentences came in *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882. In that opinion the court restated what has become a familiar rule: "We continue to find that the trial court is normally the proper forum in which a suitable sentence is to be determined and the trial judge's decisions in regard to sentencing are entitled to great deference and weight." 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.

The court also said:

"To whatever extent the appellate opinion implicitly holds that an abuse of sentencing discretion need not be shown in order for a

reviewing court to alter a sentence, that opinion is erroneous.

\* \* \* We therefore reaffirm our long-standing rule that absent an abuse of discretion by the trial court a sentence may not be altered upon review." 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.

In the instant case the trial court stated during sentencing that this was not a situation where one incident occurred and a sentence was imposed and thereafter another offense was committed; rather, it was a series of transactions between the defendant and the M.E.G. agent. At the same sentencing hearing the State presented no evidence in aggravation other than requesting the court to take notice of the prior conviction growing out of the same series of transactions.

■■ The trial court did not abuse his discretion in denying probation, as sought by the defendant in the trial court and in this court. Nor did he abuse his discretion in imposing a sentence of imprisonment. We believe that imprisonment is proper in this case as an example and deterrent to other "petty distributors." Otherwise, the time is not far off when every defendant can make out a plausible case of petty distributorship and the merciful effect of the statute will be unhinged.

The verdict, judgment, and sentences are affirmed.

Affirmed.

GREEN, P. J., concurs.

Mr. JUSTICE REARDON, dissenting.

In the companion case of *People v. Pinchott* (4th Dist. 1977), 55 Ill. App. 3d 593, 370 N.E.2d 1289, I concurred in Mr. Justice Craven's opinion. In that opinion reliance was placed upon *People v. Honn* (1977), 47 Ill. App. 3d 378, 362 N.E.2d 90, *appeal denied*, 67 Ill. 2d ___. I continue in the views expressed in these two opinions. Accordingly, I dissent.