(No. 50747.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. JOHN BERLIN, Appellee.

*Opinion filed April 3, 1979.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (Donald B. Mackay and Melbourne A. Noel, Jr., Assistant Attorneys General, of Chicago, and Marcia B. Orr, J. Jonathan Regunberg, and Lee T. Hettinger, Assistant State's Attorneys, of counsel), for the People.

Ralph Ruebner, Deputy Defender, of the Office of the State Appellate Defender, of Chicago (Patricia Unsinn and Richard Steck, Assistant Defenders, and Bernadette Cole, law student, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, defendant was convicted of the offense of theft (Ill. Rev. Stat. 1973, ch. 38, par. 16—1(a)). The appellate court reversed (58 Ill. App. 3d 612), and we granted the State leave to appeal.

The defendant testified on his own behalf. On cross-examination, the prosecution elicited the following information from defendant:

"Q. Now, sir, is your name Otis Sanders?
A. Yes, it is.
Q. Your name is not Johnny Berlin?
A. No, it's not.
Q. When the Police arrested you, you told them your name was Johnny Berlin, didn't you, sir?
A. Yes, I did."

In an earlier motion *in limine*, defendant's counsel objected to the prosecution's questioning of defendant about his true name, which the prosecution had learned during investigation prior to trial. The motion was denied. On redirect examination, defendant's counsel asked, "Mr. Berlin, did you have any creditors—in other words, did you owe anybody any money?" The prosecution objected immediately and the trial judge sustained the objection, stating, "I don't know that that would be pertinent, Counsel." Defendant's counsel made no response to this ruling.

The appellate court ruled that to allow the prosecution to question the defendant regarding his name was prejudicial error in that it implied that defendant had been involved in prior criminal activity. Furthermore, according to the appellate court, the trial court compounded this error by preventing the defendant from answering his counsel's question concerning creditors, which allegedly would have served to explain defendant's use of a different name.

We do not agree that questioning defendant regarding his name served to prejudice him before the jury. There certainly are, and the jury could easily have supposed, any number of innocent reasons for defendant's having adopted a different name. It is merely speculation to conclude that a jury will automatically associate an assumed name with a criminal background. Nothing in *People v. Dukes* (1957), 12 Ill. 2d 334, which defendant cites, requires that we hold otherwise. In *Dukes,* there was no evidence that defendant had ever used an alias, yet the State, in opening statement and closing argument, repeatedly referred to the alias that appeared on the face of the indictment and directly suggested that defendant used an alias for the purpose of concealing his identity because of a prior record of crime. (12 Ill. 2d 334, 342.) This court held that such suggestion was improper and prejudicial.

In contrast, here, it was not improper for the State to inquire as to defendant's true name or to ask if that name was different from the name defendant gave to police and under which he was indicted, for the State had independent knowledge of such information. The questioning was relevant in that it served to clarify defendant's true identity. No suggestion was made to the jury that defendant used an assumed name because he had a criminal background. Thus, being relevant and nonprejudicial, the questioning was properly admitted. See generally *People v. Jedynak* (1941), 377 Ill. 621, 625.

In view of the preceding discussion, we find no reversible error in the trial court having sustained the objection to the earlier-quoted question by defendant's counsel.

Consequently, the judgment of the appellate court is reversed. In overturning defendant's conviction, the appellate court found it unneccessary to consider all of the issues raised by defendant. Because consideration of the remaining issues is now necessary, the cause is remanded to the appellate court with directions to consider the unanswered issues raised by defendant.

*Reversed and remanded,*
*with directions.*