THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DEBRA BACH, a/k/a Debra A. Brown, Defendant-Appellant.

First District (1st Division)    No. 78-128

Opinion filed July 16, 1979.

James J. Doherty, Public Defender, of Chicago (Geraldine V. Biggs and Aaron L. Meyers, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Paul C. Gridelli, and Christopher Cronson, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

After a jury trial, Debra Bach (defendant) was found guilty of delivery of a controlled substance. (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(b).) She was sentenced to imprisonment for 3 to 9 years. Defendant appeals.

At trial, Officer Ricardo Abreu testified he approached defendant on March 3, 1977, at approximately 6 p.m., at the intersection of two Chicago streets. He told her he wished to buy some heroin. He gave the defendant $20 and he received from her a blue balloon about one-eighth of an inch in diameter containing a brown powder. This powder was identified by testimony of a forensic chemist as .11 grams of heroin.

Officers George Karl and Lawrence Evans testified they had worked on an undercover team with Officer Abreu. On the day in question they served as "surveillance officers" and observed Officer Abreu talking with defendant. From about 40 feet away, they saw the officer hand something to the defendant and the defendant hand something to the officer. Shortly thereafter Officer Abreu met with the other officers at a prearranged spot. He gave Officer Karl a blue balloon which contained a plastic package filled with a brown powder. The balloon was inventoried and was taken by Officer Karl to the crime laboratory.

Defendant testified in her own behalf. She stated she had engaged in prostitution on the date and in the area in question. She could not remember if she had been in that area at 6 p.m. but said this was "very doubtful". She testified she had never seen Officer Abreu before her arrest and denied selling heroin to him. She had never delivered the blue balloon to any one and she had never seen it before. Defendant testified she had never sold heroin. Defendant admitted to having a prior felony conviction.

No point is raised by the defendant in this court concerning proof of guilt beyond a reasonable doubt. In our opinion, the evidence of guilt supports the verdict to the point of being overwhelming.

I.

Defendant was arraigned on May 26, 1976. She made an oral motion for substitution of judges naming Judges Epton and Massey. In August of 1976 the case was assigned to Judge Massey. After nine postponements before him, the case was tried by Judge Massey commencing July 7, 1977. No objection to trial before Judge Massey was raised by defendant.

Defendant contends the oral motion for substitution of judges rendered Judge Massey without power to preside over her trial. Defendant relies on several cases such as *Hoffmann v. Hoffmann* (1968), 40 Ill. 2d 344, 239 N.E.2d 792. In *Hoffmann*, the court stated that "if the petition for change of venue complies with the statute (Ill. Rev. Stat. 1967, chap. 146, par. 1 *et seq.*), the right to a change of venue, in both criminal and civil cases is absolute." (*Hoffmann*, 40 Ill. 2d 344, 347.) However, *Hoffmann* and the remaining cases relied upon by defendant are distinguishable from the case at bar. In all of these other cases, the motions for substitution of judges were in writing as required by statute. The statute (Ill. Rev. Stat. 1975, ch. 38, par. 114—5(a)) states:

"Within 10 days after a cause involving only one defendant has been placed on the trial call of a judge the defendant may move the court in writing for a substitution of judge or any 2 judges * * *. Upon the filing of such a motion the court shall proceed no further in the cause but shall transfer it to another court or judge not named in the motion."

In the instant case, defendant's motion did not comply with the statute because it was not "in writing." This requirement of the statute is clear and unmistakable. In *People v. Tucker* (1971), 3 Ill. App. 3d 273, 277, 278 N.E.2d 141, this court noted that where a defendant named four judges (under section 114—5(c) of the criminal code providing for substitution of one judge) the motion failed to comply with the statute. In *People v. Pinchott* (1977), 55 Ill. App. 3d 601, 370 N.E.2d 1294, *appeal denied* (1978), 71 Ill. 2d 600, the trial court permitted defendant to argue an oral motion for substitution prior to filing a formal petition under section 114—5(c). This court held that "the failure to follow-up by filing the written matter, in effect, waives any alleged error." *Pinchott*, 55 Ill. App. 3d 601, 603.

■■■ This court finds defendant's willingness to proceed to trial before a judge named in the motion for substitution constitutes a waiver. Defendant was aware of the motion made at the arraignment. She had every opportunity to object to continuing before Judge Massey as the case appeared before him on nine occasions prior to trial. No objection was made. (*People v. Howell* (1975), 60 Ill. 2d 117, 120, 324 N.E.2d 403.) Also, the point was not raised in defendant's motion for new trial and is therefore waived. (*People v. Precup* (1978), 73 Ill. 2d 7, 16, 382 N.E.2d 227.) Defendant cannot now seek relief from this court upon that basis. We will add that the trial judge, in our opinion, gave defendant a fair and impartial trial.

## II.

Defendant contends the trial court failed to give the Illinois Pattern Jury Instructions, Criminal No. 3.13 (2d ed. 1968) (hereinafter cited as IPI

Criminal). This instruction limits the evidence of the prior conviction of defendant to credibility. Upon motion of the State, an order was entered by this court on February 20, 1979, directing the clerk of the circuit court of Cook County to prepare, certify and transmit to the Clerk of this court the complete set of instructions submitted to the jury at the trial. Upon examination of these instructions, filed herein on June 15, 1979, as a supplemental record, we find IPI Criminal No. 3.13 was in fact submitted to the jury by the trial court.

### III.

Defendant contends she was denied a fair trial as a result of prejudicial statements made by the State in closing arguments:

(1) The prosecution stated its personal opinion that the defendant had a great deal to gain by lying.

(2) The State's Attorney made assumptions not based on the evidence by stating:

"I would submit that she's also supporting herself by selling narcotics, including heroin. Now, ladies and gentlemen, I would submit to you it is a short step from prostitution to the sale of heroin. And she testified that she didn't remember Officer Abreu. We would submit that the reason she didn't remember Officer Abreu was because she was selling to so many different people that she wouldn't be able to remember one specific instance. This is a quick thing."

(3) During rebuttal the State argued that defendant "lied with her body twice a day" and would not hesitate to lie on the witness stand.

(4) The State improperly attempted to shift the burden of proof and destroy the presumption of defendant's innocence by stating the defendant "offered only her own self-serving wholly uncorroborated testimony."

(5) The State's Attorney improperly argued to the jury by the use of such language as "I urge you, I implore you don't let her get away with her crime."

(6) After defense counsel's objection was sustained by the trial court, the State persisted in stating the procedure that would be necessary for a police officer to falsify evidence of a drug sale.

As regards (1), (2) and (6) above, defendant "failed to object to these remarks during argument, and the error is, therefore, deemed waived. [Citation.]" *People v. King* (1977), 66 Ill. 2d 551, 559, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.

As to (4) above, reference that a defendant's testimony may be self-serving and uncorroborated is not inappropriate. The State may direct attention to matters which appear from the record. (See *People v. Hopkins* (1972), 52 Ill. 2d 1, 6, 284 N.E.2d 283.) The record reveals

defendant did testify in her own behalf and this testimony was uncorroborated. The State's argument appropriately called into question the credibility of defendant's testimony.

■■ As to the remainder of the points raised, we have read and considered all of the final arguments. We conclude that there was no prejudicial error here. The final argument of the State did not constitute "a material factor in the conviction * * *" (*People v. Clark* (1972), 52 Ill. 2d 374, 390, 288 N.E.2d 363, quoting *People v. Swets* (1962), 24 Ill. 2d 418, 423, 182 N.E.2d 150); did not result in "substantial prejudice to the accused" (*People v. Nilsson* (1970), 44 Ill. 2d 244, 248, 255 N.E.2d 432, *cert. denied* (1970), 398 U.S. 954, 26 L. Ed. 2d 296, 90 S. Ct. 1881); and the verdict would not have been "different had the improper closing argument not been made * * *" (*People v. Trice* (1970), 127 Ill. App. 2d 310, 319, 262 N.E.2d 276). Also we must consider the fact that "both the court and counsel admonished the jury that counsel's remarks did not constitute evidence." *People v. King* (1977), 66 Ill. 2d 551, 559, 363 N.E.2d 838; see People v. Smith (1977), 53 Ill. App. 3d 395, 403-04, 368 N.E.2d 561.

## IV.

On cross-examination of defendant the prosecution elicited details about the time during which defendant had engaged in prostitution. Defense counsel objected to this line of questioning. In conference the judge stated the questioning was proper on the issue of credibility. Defense counsel informed the court that he had not advised defendant of her fifth amendment right against self-incrimination. He stated he wished the court to advise defendant of her rights in the presence of the jury. After being so advised, defendant refused to answer any further questions relating to prostitution. She conferred with her counsel and then consented to answer similar questions. Defense counsel continued to object to that line of questioning.

Over defense counsel's objection, the court allowed the State to question defendant regarding a prior felony conviction. Defendant admitted she had been convicted of conspiracy to commit robbery under the name Debra A. Brown. A certified copy of the felony conviction was admitted into evidence.

Defendant argues the trial court abused its discretion in allowing cross-examination of the defendant on the issues of prostitution and her prior felony conviction.

■■ We need not consider the latter point. The defendant has failed to raise this issue in the written motion for a new trial. This constitutes a waiver and the issue cannot be urged as a ground for reversal on review. *Precup*, 73 Ill. 2d 7, 16.

■■ In addition, defendant herself opened the door on both of these

issues. On direct examination defendant admitted she had been a prostitute and admitted her previous conviction. The ensuing cross-examination by the State was therefore appropriate. This cross-examination was not "foreign to the direct examination" as was the situation in *People v. Fiorita* (1930), 339 Ill. 78, 88, 170 N.E. 690, cited and relied on by defendant here.

The scope of cross-examination generally rests within the sound discretion of the trial court. Absent a clear abuse of this discretion, coupled with a showing of manifest prejudice, the ruling of the trial court will not be reversed. *People v. Coles* (1979), 74 Ill. 2d 393, 396, 385 N.E.2d 694. See also *People v. Blakes* (1976), 63 Ill. 2d 354, 358, 348 N.E.2d 170.

## V.

After the defense rested, the State called Officer Hugh Carroll. The officer testified defendant was taken into custody on March 26, 1977, and was searched for drugs. No drugs were discovered and defendant was released. He testified he had not spoken to Officers Abreu, Evans or Karl concerning the defendant prior to March 26. Defense counsel objected to the entire testimony because it did not rebut any portion of defendant's direct examination. Defendant's motions for directed verdict and mistrial were denied.

■ Defendant contends this testimony of Officer Hugh Carroll was tantamount to rebuttal testimony on an undisputed issue advanced only in the opening statement by the defense and that this resulted in manifest prejudice. The officer's testimony was in response to defense counsel's opening statement that he would prove that defendant was the victim of a police conspiracy. Accordingly, in our opinion, the testimony was proper.

■■ The rebuttal by the State was also directed to the testimony of defendant on direct examination. She testified that she had never seen the blue balloon before trial. Also she stated that she never saw Officer Abreu until March 8 (some days after her arrest in connection with this case), when she was arrested without a warrant and without reason. She also stated that on March 19 she was "abducted by four officers" and arrested without a warrant. In our opinion, the State had the right to rebut the inference thus raised that defendant was a victim of an illegal arrest without cause. The order of proof and the time for use of rebuttal evidence rest " 'largely within the discretion of the trial court and such rulings will ordinarily not be set aside upon review.' "*People v. Waller* (1977), 67 Ill. 2d 381, 387, 367 N.E.2d 1283.

## VI.

Defendant also contends she was denied effective assistance of

counsel. Defendant cites the opening statement by defense counsel that the evidence would show a police frameup and that defendant was not a "virgin princess." Also, failure of defense counsel to raise the issue of identification after Officer Abreu testified the defendant was 30 pounds heavier at the time of the alleged sale than she was at trial, failure to advise defendant of her fifth amendment rights and allowing the trial to proceed before Judge Massey.

In *People v. Murphy* (1978), 72 Ill. 2d 421, 436, 381 N.E.2d 677, the supreme court reiterated the principle that a conviction will not be reversed on the basis of incompetency of counsel " 'unless the representation is of such a low caliber as to amount to no representation at all or reduces the court proceedings to a farce or sham.' *People v. Torres* (1973), 54 Ill. 2d 384, 391." The court held competency of counsel "is determined from the totality of counsel's conduct at trial. [Citations.]" (*Murphy*, 72 Ill. 2d 421, 437.) The court further noted that "errors in judgment or trial strategy do not establish incompetency. [Citations.]" *Murphy*, 72 Ill. 2d 421, 437.

■■ This court cannot say the alleged indicia of incompetency cited by plaintiff were not mere "errors in judgment or trial strategy." Trial counsel may well differ in the tactics they employ in any contested case. All of the matters cited by defendant in this court present the type of situation in which a difference of opinion regarding procedure might readily occur among able attorneys. Examining the "totality of counsel's conduct" in the instant case, we do not find that defendant was denied competent assistance of counsel as contemplated in *Murphy*.

It must be remembered that we are required to examine this situation in view of the presumption that counsel was competent and this presumption can be overcome only by strong and convincing proof of incompetency. (*People v. Jackson* (1976), 41 Ill. App. 3d 816, 820, 354 N.E.2d 643, *appeal denied* (1977), 65 Ill. 2d 579.) In addition to establishing actual incompetence of the defense attorney, it was necessary for defendant here to show "substantial prejudice resulting therefrom." (*People v. Witherspoon* (1973), 55 Ill. 2d 18, 21, 302 N.E.2d 3.) In view of the evidence in the case before us, we cannot say that defendant was prejudiced in any manner by the legal representation she received at trial.

## VII.

The information here was filed as to "Debra Bach otherwise called Debra A. Brown." Officer Karl knew the defendant under the name of "Brown." On cross-examination the prosecutor asked defendant if she was also known as Debra A. Brown. She answered affirmatively. Defendant contends this was severely prejudicial and warrants reversal.

In *People v. Berlin* (1979), 75 Ill. 2d 266, 388 N.E.2d 412, the supreme court held that a direct suggestion by the prosecution "that defendant used an alias for the purpose of concealing his identity because of a prior record of crime" would be improper and prejudicial. However, in the absence of such a suggestion when used to "clarify defendant's true identity" questioning concerning an alias is "relevant and nonprejudicial." *Berlin*, 75 Ill. 2d 266, 268-69.

In the instant case, there was no suggestion by the prosecution that defendant utilized an alias to conceal a criminal record. Defendant admitted both use of the alias and the conviction. This reference by the prosecution to the use of an alias was nonprejudicial and served simply to "clarify defendant's true identity."

For the above reasons the judgment appealed from is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.