THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT CLEVELAND, Defendant-Appellant.

First District (1st Division)   Nos. 78-736, 78-1964 cons.

Opinion filed April 28, 1980.

Michael Buckley Bolan, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Iris E. Sholder, and Terrence M. Burns, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The defendant, Robert Cleveland, was charged by information with two counts of indecent liberties with a child. (Ill. Rev. Stat. 1975, ch. 38, pars. 11—4(a)(2), (a)(3).) The defendant was found guilty after a bench trial as to count two (Ill. Rev. Stat. 1975, ch. 38, par. 11—4(a)(2)), and sentenced to four years probation subject to the following conditions: (1) one-year periodic imprisonment, (2) a $2,000 fine, and (3) outpatient treatment. On appeal, the defendant argues (1) that the information failed to allege a mental state and therefore cannot support the conviction, (2) that the defendant was prejudiced by the admission into evidence of testimony and exhibits that relate to events outside the bill of particulars, and (3) that the evidence was insufficient to sustain a finding of the offense charged.

We affirm.

Michael Barrette, a witness and the brother of the complainant, Richard Barrette, was 14 years old at the time of trial. On direct examination, Michael testified that he lived several blocks from the defendant's apartment, which was located at 2440 Hamlin in Chicago. Michael also testified that he first met the defendant in December 1974, and that he visited the apartment many times with his brother, Richard.

On one such visit in the spring of 1975, Michael and Richard were in the defendant's apartment. Michael testified that as he was going to the bathroom, he passed the defendant's bedroom, and he saw the defendant with his mouth on Richard's penis and that he saw this same sexual contact between the defendant and his brother three or four times. The first time was in early spring of 1975 and the last time was in September 1975. Michael testified that the last time he came to the defendant's apartment was in September 1975. In addition, Michael identified People's exhibit Nos. 3a, a photograph of Richard taken in the defendant's apartment when Michael was present; 3b, a photograph of Richard in the defendant's bedroom; and 3c, a photograph of Richard, Michael and the defendant in the dining room of the defendant's apartment.

Richard Barrette, the complainant, was 10 years of age the first time he met the defendant in December 1974 with his brother Michael. Richard testified on direct examination that he visited the defendant's apartment 35 to 40 times from the winter of 1974 to the fall of 1975 and that Michael was with him 95 percent of the time.

In January 1975, Richard and Michael were in the defendant's

apartment, and other boys were present, including Ralph Goldberg, Vincent Phillips, and two brothers named Mike and Bobby. On this occasion, Richard testified that the defendant talked to the boys about sex and that the defendant said that sex between boys was natural and felt good. Richard stated that afterwards he and the defendant went into the defendant's bedroom where the defendant took books out of his dresser drawer. Richard testified the books depicted naked boys and girls. There were also movie reels in the defendant's bedroom, but the movies were not shown to Richard at this time. Richard testified that while he and the defendant were in the bedroom, the defendant sat at the edge of the bed and started talking to Richard about sex, and that the defendant masturbated Richard and then himself.

Richard also testified that he returned to the apartment again in January 1975, and at that time the defendant talked to him about sex. Richard stated that afterwards he and the defendant went into the defendant's bedroom, and while there Richard looked at books similar to the ones he had previously seen in the defendant's bedroom. Richard further testified that he and the defendant undressed and got into bed, and that the defendant had sex with him.

Richard stated that he usually went to the defendant's apartment on weekends and that he and the defendant engaged in the same sexual contact 10 or 20 times. This contact occurred in the defendant's bedroom and continued from late winter or early spring of 1975 until October 1975. Richard testified that in the late winter of 1975 a movie projector was set up by the defendant in the defendant's bedroom for Richard to view movies. Richard testified that the movies depicted naked boys playing with each other and other films showing a man with a lady and a father with a girl. Richard stated that when he viewed the films he would lie on the defendant's bed and that the defendant would engage in sex with him. The same sexual contact occurred in the spring of 1975 when Michael was in the defendant's apartment, but not in the same room as Richard and the defendant.

The last time Richard and the defendant had sexual contact was in October 1975, and the other boys were present, including Ralph Goldberg, Vincent Phillips, and Bobby. Richard also testified that the last time he saw the defendant was around Thanksgiving, at which time the defendant asked Richard why he stopped coming to the apartment. The next day Richard told his parents what occurred between him and the defendant.

Richard identified People's exhibits Nos. 3a, 3b, and 3c as photographs taken in the defendant's apartment. Richard also identified People's exhibits Nos. 4a, 4c, 4d, 4e as the films he viewed in the defendant's apartment.

On cross-examination, Richard testified that he had estimated October 11, 1975, as the last time he was in the defendant's apartment. He stated that his mother and brother suggested the date and that he did not know if he was in the apartment October 11, 1975. He also stated that he talked to the State's Attorney prior to testifying and that he was not given anything to read, nor did the State's Attorney question him about the preliminary hearing which was held two years earlier. The defense counsel read Richard's testimony from the preliminary hearing, at which time Richard was asked if on October 11, 1975, he had an occasion to go to the Hamlin address, and Richard answered in the affirmative.

On redirect, Richard admitted he read the preliminary hearing testimony. Richard further stated that the reason he did not tell his mother about the defendant before Thanksgiving was because he was confused. On recross, Richard stated that he did not know if his conduct with the defendant was right or wrong or what would happen if he told his parents. Richard testified that he decided to tell his parents after he saw the defendant Thanksgiving night, and that five weeks had elapsed between the last time he was in the defendant's apartment and Thanksgiving.

On further redirect, Richard testified that he was not confused as to what happened but confused as to whether his conduct was right or wrong. On further recross, Richard testified that he was not confused as to the date he was last in the defendant's apartment. He stated that the time he was in the defendant's apartment was before his aunt came to visit, which was just after October 11, 1975, and that his aunt visited for a weekend.

The defendant was approximately 51 years old at the time of trial. On direct examination the defendant testified that he met Michael while attending church during the first part of December 1974, and that on the way home from church he introduced Michael to Vincent Phillips and Ralph Goldberg. The defendant testified that he left for a vacation in Denmark the 16th or 19th of December 1974, and returned the 11th or 12th of January 1975. The defendant stated that after he returned from Denmark, Michael came to his apartment in January 1975. The defendant further testified that Richard and Michael came together three or four times, usually on Saturdays, and that Richard came alone two or three times. The defendant testified that the last time he saw either Richard or Michael was in September 1975.

The defendant admitted that he owned a motion picture projector, four cameras, one of which was a polaroid, and films, but claimed these were sport, travel films, and feature movies. The defendant testified these films were kept in a drawer in the dining room and on a shelf in his bedroom. The defendant denied showing Richard the movies which were

identified as People's exhibits Nos. 4a, 4c, 4d, and 4e, and stated that he never allowed anyone to show Richard such movies.

The defendant also denied that he engaged in the sexual contact as testified by Richard and Michael. The defendant, as president of a manufacturing company, travelled extensively throughout the country, and the defendant produced various receipts to reflect that from December 1974 to October 1975 the time of the sexual contacts, the defendant was out of town. The receipts reflected that from December 19, 1974, to January 12, 1975, the defendant was in Denmark; February 22, 1975, Louisiana; March 1, 1975, California; March 8, 1975, New Mexico and Arizona; April 12, 1975, Toronto, Canada; April 19, 1975, New York; April 26, 1975, Pennsylvania; May 17, 1975, Lansing, Illinois; and June 14, 1975, Tennessee.

The defendant's receipts also indicated that in October 1975, the time the offense was committed, the defendant was in Kenosha, Wisconsin, on October 4, 1975, and that he left for California on October 8, 1975, and returned October 19, 1975. In addition, the defendant produced receipts for out-of-town purchases made in July 1975, August 1975, and a receipt for a purchase of gas in Gary, September 1975.

On cross-examination, the defendant stated that he did not have an independent recollection of every Saturday in 1975, but that he relied on his travel records to account for his whereabouts. Further questioning reflected that the defendant was at home approximately 20 Saturdays in 1975, and that when the defendant was in Lansing, Illinois and Gary, Indiana, he was within an hour or more driving time from his apartment in Chicago.

On re-direct, the defendant stated that the films introduced as People's Exhibits 4a, 4c, 4d, and 4e were the property of Ralph Goldberg, and that Ralph Goldberg shared the right section of the dresser located in the defendant's bedroom. The defendant also testified that he was not at home on the major holidays.

Michael Barrette was called in rebuttal, and he stated that he was in the defendant's apartment 50 times from the end of 1974 to September 1975, and not only on Saturdays. Michael further testified that he saw two movies on his visits and that film for one of the movies was taken out of the dresser located in the defendant's bedroom and placed in the movie projector by the defendant. Michael testified the film portrayed homosexual contact and that he told the police officer about the movies. In surrebuttal, Officer Doelker testified that he could not recall if Michael told him about the movies.

There was a stipulation that the testimony of the defendant and Officer Fleming, the investigator assigned to the case, would be admitted in rebuttal. At the hearing on a motion to suppress, Officer Fleming

testified that he and his partner had a conversation with the defendant. The defendant stated that sex education should include sex with the female and male and that the students should decide how they would like to have their sex. The defendant further stated he loved Richard and he felt Richard loved him, and he felt an obligation to show Richard the education he was not getting in school.

The defendant argues that the information fails to allege a mental state and cannot support a conviction. Count II of the information charged:

> "* * * that in October, 1975 in Cook County, Illinois Robert M. Cleveland, a person of the age of seventeen years and upwards, committed the offense of indecent liberties with a child in that he performed upon Richard Barrette, a child under the age of sixteen years, an act of deviate sexual conduct, to wit: oral copulation."

The defendant was found guilty as to count II, a violation of section 11—4(a)(2), in which there was an act of deviate sexual conduct. This particular section does not have a mental state as an element of the offense, and section 11—4(a)(2) states:

> "Any person of the age of 17 years and upwards who performs or submits to any of the following acts with a child under the age of 16 commits indecent liberties with a child:
> * * *
> (2) Any act of deviate sexual conduct." Ill. Rev. Stat. 1975, ch. 38, par. 11—4(a)(2).

The defendant argues that one of the mental states of intent, knowledge, recklessness or negligence as set forth in sections 4—4, 4—5, 4—6, and 4—7, of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, pars. 4—3, 4—4, 4—5, 4—6, 4—7) should have been alleged since the statute defining the offense does not include a mental state. The defendant further argues that the information is fatally defective because of the failure to allege one of the mental states.

The purpose of the information or indictment is to apprise the defendant of the exact offense charged so that the defendant may prepare his defense and plead the conviction or acquittal as a bar to a second prosecution for the same offense. (*People v. Grant* (1974), 57 Ill. 2d 264, 312 N.E.2d 276; *People v. Merrill* (1966), 76 Ill. App. 2d 82, 221 N.E.2d 145.) In defendant's case, the information apprised the defendant of the nature of the charge so that he could prepare his defense and plead the conviction as a bar to a second prosecution. The information also charged the defendant pursuant to the standard set forth in *People v. Polk* (1973), 10 Ill. App. 3d 408, 294 N.E.2d 113.

In *Polk*, the indictment charged the defendant with committing an act of sexual intercourse with a child under 16 years, a violation of section 11—4(a)(1). (Ill. Rev. Stat. 1969, ch. 38, par. 11—4(a)(1).) The indictment was worded in the exact language of the statute, and set forth the names and ages of the complainant and the defendant. However, the indictment did not allege the mental state with which the defendant committed the offense. The court in *Polk* stated " '[a]n indictment which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged.' " *Polk*, 10 Ill. App. 3d 408, 413, quoting *People v. Patrick* (1967), 38 Ill. 2d 255, 258, 230 N.E.2d 843, 845.

■■ *Polk* construed the sufficiency of an indictment under the same statute as the defendant was charged with in the instant case. The indictment stated the exact language of the statute in *Polk* and was held to be sufficient. Based on *Polk*, it follows that the information which charged the defendant with indecent liberties was sufficient since the information stated the exact language of the statute, in addition to setting forth the names and ages of the complainant and defendant, and the act committed. We are not persuaded by the arguments of the defendant that there should be any departure from the construction of this statute in *Polk*.

The defendant next argues that he was prejudiced by the admission into evidence of testimony and exhibits which were outside the scope of the bill of particulars. The defendant requested a bill of particulars after the court granted leave to amend the information to read from "on October 11, 1975" to "in October 1975." The bill of particulars specified that the date of the offense was October, 1975. The defendant requested the bill of particulars since the State sought to introduce evidence of other sexual contact for the purpose of showing scheme and design for intent.

The bill of particulars was not given to the defendant, and at trial the State introduced evidence of other acts of indecent liberties. This testimony was elicited from Michael and Richard. Michael testified he saw the sexual contact three or four times from early spring of 1975 to September 1975. Richard testified that the sexual contact occurred from January 1975 to October 1975. Based on Richard's and Michael's testimony, the defendant made several allegations involving the exhibits and testimony admitted prior to the date in the bill of particulars. The defendant argued that he was prejudiced by admitting evidence which was beyond the scope of the bill of particulars, that the defendant was found guilty of an offense which did not occur in October 1975, and that the evidence which was within the scope of the bill of particulars did not establish the defendant's guilt.

▮ The record indicates the trial court allowed the testimony of other acts of indecent liberties which occurred prior to the date in the information. The court ruled that prior similar acts between the same persons were admissible for the limited purpose of showing a course of conduct and not proof that the defendant was guilty of the offense charged in the information. The trial court's ruling is consistent with the established rule of law that evidence of more than one act of taking indecent liberties with the same child is not admissible for the purpose of proving distinct offenses but as showing a relationship and familiarity of the parties. *People v. Halteman* (1956), 10 Ill. 2d 74, 139 N.E.2d 286; *People v. Arbuckle* (1979), 75 Ill. App. 3d 826, 393 N.E.2d 1296.

The function of the bill of particulars is to limit the evidence which the prosecution may introduce and assist the defendant in the preparation of his defense. (*People v. Walton* (1969), 118 Ill. App. 2d 324, 254 N.E.2d 190.) However, in the defendant's case, the testimony was admitted for a limited purpose, and therefore the defendant's claim that the testimony should have been confined to the bill of particulars is without merit.

The trial court also recognized that the prior sexual contact between the defendant and Richard could not be considered in finding the defendant guilty of the offense charged. The trial court stated, "[t]he special problem is the danger in the prior uncharged act should be confused with the act charged." The court further indicated that even if the court found there was a history of sexual contact between the defendant and Richard, such a finding did not mean the act charged by the information had occurred. It appears from the record that the trial court distinguished between the prior sexual acts and the offense charged in the information, and the trial court recognized that the defendant could only be found guilty as to the offense charged in the information. Furthermore, the defendant's claims are erroneous that these and other comments indicate that the trial court found the defendant guilty on the basis of the prior acts.

The defendant's third allegation is that the evidence which was within the scope of the bill of particulars was not clear and convincing. The defendant alleges that the proof never established that the offense was committed on the date specified in the bill of particulars. The defendant emphasizes that Richard's testimony was "contradictory," "illogical," and "impeached," that on cross-examination Richard was impeached by his testimony at the preliminary hearing, and further, that the defendant had a credible alibi as reflected by the travel records to establish that at the time of the offense the defendant was in California. The defendant again claims that the court was influenced by the prior acts.

In cases where indecent liberties with a child is charged, the

testimony of the complainant must be clear and convincing or corroborated. (*People v. Ward* (1977), 49 Ill. App. 3d 780, 364 N.E.2d 708; *People v. Everhart* (1974), 22 Ill. App. 3d 727, 317 N.E.2d 720.) The trial court found the evidence within the bill of particulars clear and convincing that the last act of indecent liberties occurred in October 1975. On direct examination, Richard testified the last sexual contact occurred in October 1975, and on further recross, he indicated that he was not confused about the date. Richard used his aunt's visit as a reference point to establish that the last time he visited the defendant was in October 1975.

Alternatively, the defendant denied any sexual contact with Richard, and the defendant gave a detailed accounting of his whereabouts from December 1974 to October 1975. The court found the defendant's testimony was not credible, whereas the court commented that Richard's and Michael's testimony was clear and convincing. Furthermore, the court's statement that Richard's and Michael's testimony was clear and convincing indicates the court's awareness of the standard applied in indecent liberties cases and that Richard's and Michael's testimony related respectively to the act charged and the acts which reflected a prior course of conduct. The trial court in finding the defendant guilty was not influenced by the prior acts and stated, "I'm persuaded beyond a reasonable doubt the last sexual act alleged by the State did, in fact, take place as charged."

The defendant's final argument is that the evidence was insufficient to sustain a finding of guilty of the offense charged. However, based on the previous discussion, the evidence was sufficient to sustain a finding of guilty to the offense charged. For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.