(No. 42783.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HERBERT WILLIAMS, Appellant.

*Opinion filed December 4, 1970.*

Thomas P. Cernek, of Chicago, for appellant.

William J. Scott, Attorney General, of Springfield, and Jack Hoogasian, State's Attorney, of Waukegan, (James B. Zagel, Assistant Attorney General, and Alphonse Witt, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

On May 14, 1968, a jury in the circuit court of Lake County found the defendant, Herbert Williams, guilty of the sale of narcotics, and he was sentenced to imprisonment for not less than ten nor more than eleven years. His post-conviction petition was dismissed after a hearing, and he has appealed.

In this court he contends that his court-appointed trial counsel failed to transmit to him an offer made by the State's Attorney to accept a plea of guilty to a lesser offense; that his court-appointed trial counsel was incompetent; and that his court-appointed appellate counsel did not effectively represent him.

In *People v. Whitfield,* 40 Ill. 2d 308, decided in June, 1968, we held that a defendant has a constitutional right to be advised by his counsel of an offer by the prosecution to accept a plea of guilty to a reduced charge, on the ground that "if a defendant has the right to make a decision to plead not guilty, he also has the right to make the decision to plead guilty." (40 Ill.2d 308, 311.) But in order to prove a viola-

tion of this right, a defendant must prove that there was an offer to accept a plea, which was not transmitted to him. In this case the trial judge found that no offer had in fact been made, and after reviewing the evidence submitted at the post-conviction hearing, we see no reason to disturb that finding.

In support of his charge that the attorney who represented him at his trial was incompetent, the defendant testified that they had very few conversations, and that most of them were devoted to discussion of racial matters. He also testified that his own testimony was first discussed in court, after the State's case had been presented, and then for only five or ten minutes. But the defendant admitted that he had told his attorney everything that he could about his case, and his attorney testified that he conducted "a great deal" of investigation germane to the defendant's defense.

That defense was entrapment, and the choice of that ground of defense and his attorney's tactics in developing it are now criticized by the defendant, although it is conceded that "The factual situation here presented very little in defense possibilities." Nowhere has it been suggested that the defendant was not guilty. A court appointment to represent an indigent defendant does not endow an attorney with the ability to perform miracles, nor is he to be branded as incompetent because the defendant he represented was not permitted to plead guilty to a lesser charge.

Defendant's third argument is that he was denied his right to effective representation by his appellate counsel. No appeal was filed in his behalf, yet the defendant did not testify at his post-conviction hearing that he requested his appointed counsel to appeal. Absent that minimal proof, we cannot conclude that the defendant was denied effective representation.

The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*