THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD EDWARDS (Impleaded), Defendant-Appellant.

Fourth District   No. 13763

Opinion filed April 7, 1977.

Richard J. Wilson and Richard E. Cunningham, both of State Appellate Defender's Office, of Springfield, for appellant.

Roger W. Thompson, State's Attorney, of Lincoln (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

On September 9, 1975, defendant, pursuant to a plea agreement, pleaded guilty to one count of aggravated battery and one count of unlawful use of weapons, in violation of sections 12—4 and 24—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, pars. 12—4, 24—1). After properly admonishing defendant, the judge accepted the plea. The State also dismissed seven other charges against defendant arising from the same incident (including three other charges of aggravated battery) and dismissed misdemeanor charges pending for 4 years in Cook County. No agreement on sentence was arranged. On October 7, 1975, a full sentencing hearing was held, after which defendant was sentenced to concurrent terms of 1 to 3 years for aggravated battery and 364 days for unlawful use of weapons.

Thirty days later, on November 6, 1975, defendant filed a "Motion" purporting to be in compliance with Rule 604(d). However, the motion specifically stated that the defendant did not wish that his guilty plea be vacated; rather, defendant asked that the motion serve in lieu of a Rule 604(d) petition to vacate, and assigned as error the trial court's refusal to grant defendant probation. The motion was made in lieu of a Rule 604 motion "so that these matters may be raised on appeal." The docket sheet shows that no trial court action was ever taken on this motion. The same day the "Motion" was filed, defendant filed his notice of appeal. Defendant on appeal does not allege any sentencing error, but instead seeks to set aside the conviction for unlawful use as being in the same course of conduct as the more serious crime of aggravated battery.

Rule 604(d) in pertinent part, states:

"No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which

sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. * * * The motion shall be heard promptly * * *. *If the motion is denied a notice of appeal from the judgment and sentence shall be filed within * * * [30 days], measured from the date of entry of the order denying the motion.* Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." (Emphasis added.)

■■ ■ The revised Committee Comments to Rule 604(d) re-emphasize the fact that "[t]he time within which an appeal may be taken *runs from the date on which the order disposing of the motion is entered.*" (Emphasis added.) Filing a notice of appeal does not circumvent or substitute the requirement that the court rule on the motion to vacate before an appeal is taken. The present appeal before this court is, therefore, premature since the motion was never denied. Since the supreme court, in Rule 604(d), specifically set forth the procedure for appeal from a plea of guilty, defendant's failure to follow the procedure bars an appeal at this time. Therefore, the appeal is dismissed as premature. For this court to decide the merits of this appeal in its present state could encourage others to appeal without regard to the specific language of Rule 604(d).

We also note that the Appellate Court for the Fifth District, in *People v. Bryant* (1977), 45 Ill. App. 3d 428, recently held that it lacked jurisdiction to consider an appeal from the denial of a consolidated motion to reduce sentences where the defendant failed to file a proper Rule 604(d) motion. In addressing defendant's attack on his sentence in that case, without also attacking his plea, the court stated:

"By negotiating and entering into a negotiated plea of guilt the defendant agreed that in consideration for the State dismissing certain other criminal charges he would (1) enter a plea of guilt to the remaining criminal charges and (2) accept whatever punishment the court might see fit to impose. In other words for the State's dismissing the other criminal charges he agreed to two things, and now seeks to be released from the latter leaving only the former stand as consideration for the State's dismissals. Obviously by failing to negotiate a recommended sentence or a particular sentence or sentences both the State and defendant intended the bargain to include defendant accepting whatever sentence, including probation, that the trial court, had power to, and would see fit to, impose, and the State likewise accepting any such sentence imposed. The State, of course, is bound by the agreement and would remain so bound as to its part of the agreement were defendant allowed to appeal only from the

sentence without moving to withdraw his plea, which would result in the People receiving less than they had bargained. Since the People are bound by all the bargains made we see no reason why defendant should not be bound to all the bargains. We would not tolerate the State prosecuting defendant on one of the charges which it had agreed to dismiss without defendant being released from his bargain to plead guilty and accept the sentence imposed. Likewise, we will not allow defendant to breach a part of his agreement without the entire agreement being set aside." (45 Ill. App. 3d 428, 430-31.)

We agree with the *Bryant* court's analysis of Rule 604(d) and we dismiss defendant's appeal for failure to comply with the clear requirements of Rule 604(d).

Appeal dismissed.

CRAVEN, P. J., and TRAPP, J., concur.