THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ELIZABETH A. DeSOTO, Defendant-Appellant.

Fifth District     No. 80-164

Opinion filed May 21, 1980.

James J. Gomric, of Gomric & Kurowski, of Belleville, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Martin N. Ashley, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mme JUSTICE SPOMER delivered the opinion of the court:

The defendant, Elizabeth A. DeSoto, charged with murder and voluntary manslaughter, pleaded guilty to the manslaughter charge and was sentenced to five years' imprisonment on November 13, 1979. On November 16, 1979, defendant filed a motion to reconsider the sentence. No request was made in this motion to withdraw the plea of guilty. On January 8, 1980, the motion to reconsider was denied. On February 7, 1980, defendant filed a motion to vacate her plea of guilty, which was denied on March 25, 1980. On April 2, 1980, defendant filed her notice of appeal.

On April 18, 1980, this court entered a show cause order to defendant which required her to show cause why the appeal should not be dismissed for failure to file a motion to vacate the plea of guilty within 30 days of sentencing as required by Supreme Court Rule 604(d)(Ill. Rev. Stat. 1979, ch. 110A, par. 604(d)). Defendant's response is: "That the motion to reconsider sentence was pending from November 16, 1979, to January 8, 1980, and accordingly tolled the period in which a defendant could file her motion to vacate prior judgment and sentence entered herein."

Although the motion to reconsider sentence did not state that it was filed pursuant to section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(c)), we presume that it was. That section provides:

> "The trial court may reduce or modify a sentence, but shall not enlarge the length thereof by order not later than 30 days from the date that sentence was imposed. *This shall not enlarge the jurisdiction of the court for any other purpose.*" (Emphasis added.)

Supreme Court Rule 604(d)(Ill. Rev. Stat. 1979, ch. 110A, par. 604(d)) states, in part: "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within thirty days of the date sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment."

We are of the opinion that Supreme Court Rule 604(d), read in conjunction with the foregoing statute, does not allow the filing of a motion to modify sentence to toll the 30-day time period required for filing a motion to withdraw a guilty plea.

In *People v. Stacey* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254, defendant Bryant entered a plea of guilty on July 28, 1975, and was given Rule 604(d) admonishments by the court. On August 6, 1975, he filed a motion to reduce his sentence, which was denied on August 25, 1975. Bryant appealed the denial of his motion. The appeal was dismissed by the appellate court for failure to comply with Supreme Court Rule 604(d). In affirming, the supreme court noted that procedural rules are binding on defendants in criminal cases. The court reaffirmed its ruling in *People v.*

*Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46, that as a condition precedent to an appeal, the defendant must file a motion to withdraw his plea of guilty within 30 days of the date of sentence, pursuant to Rule 604(d).

In the case at bar defendant failed to file a motion to vacate her guilty plea within 30 days of the date on which sentence was imposed. The filing of her motion to reconsider sentencing within that time did not satisfy the requirements of Rule 604(d). Therefore, we must dismiss the appeal.

Dismissed.

KASSERMAN and KARNS, JJ., concur.