THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY NICEWANNER, Defendant-Appellant.
Third District    No. 80-247

Opinion filed February 4, 1981.

Joseph D. Sheahan and N. L. McGehee, both of McGehee, Boling & Whitmire, Ltd., of Silvis, for appellant.

Timothy J. Slavin, State's Attorney, of Morrison (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

The defendant Larry Nicewanner appeals from the denial of his petition for post-conviction relief by the circuit court. In 1978, Nicewanner pleaded guilty to two counts of indecent liberties with a child. He was sentenced to concurrent terms of four years on each count. His appointed counsel's attempts to perfect an appeal from that sentence were unsuccessful, due to counsel's failure to file a timely motion to withdraw the guilty plea and vacate the judgment. Such motion is a prerequisite to an appeal where a guilty plea has been entered. (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d).) As a result of the failure to file a timely Rule 604(d) motion, the defendant's previous appeal of his conviction and sentence was dismissed by this court. (See People v. Nicewanner, 3d Dist., No. 79-194, appeal dismissed, October 22, 1979.) The defendant, through privately retained counsel, then filed the instant post-conviction petition alleging, among other things, that his appointed counsel's failure to file a timely 604(d) motion constituted ineffective assistance of counsel which prejudiced him by denying him his right to appeal. (Ill. Const. 1970, art. VI, §6.) The post-conviction petition also alleged that the defendant had received ineffective assistance of counsel at his sentencing hearing. The petition was denied by the trial court. On this appeal, defendant Nicewanner contends that his petition should have been granted because of the ineffective assistance of his counsel, demonstrated by his failure to file the 604(d) motion in a timely manner. We agree and remand with directions to permit the filing of the motion to withdraw the plea and vacate the judgment.

The record reveals that the defendant was arrested in 1978 and charged with taking indecent liberties with two minor boys. Following his arrest, the public defender was appointed as counsel. Thereafter, the defendant pleaded guilty to two counts of indecent liberties with a child. A presentence investigation was ordered. A sentencing hearing was held on August 28, 1978, at which appointed counsel represented the defendant. At the conclusion of the hearing the defendant was sentenced to concurrent terms of four years each on the two counts. After the setting of

sentence, both the defendant and his counsel were admonished, pursuant to Rule 605(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 605(b)), that an appeal could not be taken from the judgment entered on the guilty plea unless a written motion to withdraw the plea and vacate the judgment was filed within 30 days, as required by Rule 604(d) (Ill. Rev. Stat. 1977, ch. 110A, par. 604(d)). Counsel was also informed that any issue not raised in that motion would be deemed waived on appeal. At that time, appointed defense counsel indicated to the court that the 604(d) motion would be filed, but he stated that he anticipated some delay because of the time necessary to prepare a transcript of the report of proceedings. The court informed counsel that he should get something on file within the 30 days, even if the transcript would not be available within that time. Despite the direct admonishments by the court to defense counsel, nothing pertaining to the Rule 604(d) motion was filed with the court within the required 30-day period. The only action taken by counsel was the filing of a motion to delay transportation of the defendant to the penitentiary until post-trial motions were completed and filed. While that motion was granted, it had no effect upon the 30-day limit and no motion requesting additional time within which to file the Rule 604(d) motion was made within 30 days from sentencing.

Appointed counsel did file a motion for additional time to file post-trial motions on October 4, 1978, but that motion was made 37 days after the hearing and, thus, 7 days past the 30-day limit. Nevertheless, the motion was allowed by the trial court and then, on November 6, 1978, counsel moved to withdraw the plea and vacate the judgment, pursuant to Rule 604(d). When appointed counsel was replaced by privately retained counsel, that motion was refiled. It was denied by the court. A notice of appeal to this court followed. The State responded by moving to dismiss the appeal based upon the failure to file a timely Rule 604(d) motion. The State argued that the failure to file the motion under Rule 604(d) within the 30 days divested the trial court of further jurisdiction and also acted to preclude an appeal. The appeal was dismissed because of the failure to file a timely Rule 604(d) motion.

Counsel for the defendant then filed the instant post-conviction petition which, in pertinent part, alleged that the defendant had received ineffective assistance of counsel such that he was denied his right to appeal. The petition also contained an attack upon the statute under which the defendant was convicted and upon the effectiveness of his representation at the sentencing hearing. The trial court held a nonevidentiary hearing on the petition, and then denied the relief requested. The present appeal was then prosecuted.

The principal issue before us is whether appointed counsel's failure to file a timely 604(d) motion constituted ineffective assistance of counsel

such that the defendant should have been granted the relief requested in his post-conviction petition. In *People v. Meacham* (1977), 53 Ill. App. 3d 762, 368 N.E.2d 400, this court held that failure by appointed counsel to file a motion to withdraw a guilty plea and vacate judgment was a failure to perfect an appeal, and therefore constituted ineffective assistance of counsel. (53 Ill. App. 3d 762, 767.) In *Meacham*, counsel had filed a notice of appeal but had not filed the requisite 604(d) motion, despite admonishments of the necessity of that motion prior to any appeal. We remanded the affected cases so that those motions could be filed and hearings could be held. Our reasoning and conclusion in that case were followed in *People v. Kinzer* (1978), 66 Ill. App. 3d 466, 384 N.E.2d 50, wherein court-appointed counsel, despite admonishments, failed to file the 604(d) motion preliminary to an appeal. The court therein found prejudice to the defendant's right of appeal and held that the omission by counsel constituted ineffective assistance of counsel. (66 Ill. App. 3d 466, 468-69.) The case was remanded to the trial court with directions to permit the filing of the Rule 604(d) motion and for further proceedings therefrom. A similar result, premised upon analogous facts and reasoning, was also obtained in *People v. Pulley* (1979), 75 Ill. App. 3d 193, 394 N.E.2d 47. These cases are firm support for the argument of the defense in the case at bar.

■■ In this case, the defendant's court-appointed counsel was informed by the court of the requirements of Rule 604(d) at the sentencing hearing. At that time, counsel indicated an intention to file the motion, which is a prerequisite to any appeal from a guilty plea. He discussed with the court a possible problem with obtaining the transcript within the 30-day time limit for filing the motion. He was then specifically informed to get something on file within the 30 days in connection with the Rule 604(d) motion. His stated intent to file the 604(d) motion, preparatory to an appeal, evidences the desire of the defense to proceed with an appeal. So, too, does the motion filed to delay transport, pending post-trial motions. Yet, despite the indicated intention and despite admonishments from the court, no 604(d) motion was filed within 30 days, nor was any motion to extend the time for filing the motion presented within the 30 days. Because of this failure on the part of defense counsel, the defendant's later attempt to appeal was dismissed. We find that the failure of defendant's appointed counsel to file a timely 604(d) motion, and thereby to protect the defendant's right of appeal, constituted ineffective assistance of counsel. Furthermore, contrary to the State's suggestion, the issue of competency of counsel was properly raised by post-conviction petition. *People v. Pannell* (1977), 44 Ill. App. 3d 885, 358 N.E.2d 1331.

The State, for its part, argues against our conclusion that the defendant received ineffective assistance of counsel, citing the case of

*People v. Williams* (1970), 47 Ill. 2d 239, 265 N.E.2d 107. In *Williams*, the Illinois Supreme Court rejected a defense allegation of ineffective assistance of counsel premised upon a failure to file an appeal. The basis for that action was the absence in the record of any proof that the defendant had requested his counsel to file an appeal. (47 Ill. 2d 239, 241.) The State argues that *Williams* requires testimony from a defendant that he requested an appeal be filed, before such defendant can successfully allege ineffective assistance of counsel premised upon a failure to file an appeal. *Williams* establishes no such testimonial requirement. What *Williams* indicates, through brief comment, is that there must be some proof that a defendant wished an appeal to be filed before a failure to file an appeal will be held to constitute ineffective assistance of counsel. In *Williams* there was no evidence whatsoever of a desire or intent to file an appeal. In *People v. Meacham* the record revealed that a notice of appeal was filed, albeit without first having made the requisite 604(d) motion. In *People v. Kinzer* the defendant wrote a letter to the trial judge requesting an appeal. In *People v. Pulley* a *pro se* notice of appeal was filed, again without the necessary 604(d) motion beforehand. In all of these cases, actions by the defendant or by defense counsel indicated the defendants' intentions to proceed with appeals.

■■ In the instant case, the evidence of such intention and desire to appeal is supplied by the appointed counsel's own actions on behalf of the defendant. He indicated to the court, at the sentencing hearing, the intention of the defense to file the Rule 604(d) motion. The direct link between the filing of the motion and proceeding with an appeal is established in the pertinent statutory sections. (Ill. Rev. Stat. 1977, ch. 110A, pars. 604(d), 605(b)(2).) Given this connection and the context of his comments, defense counsel's statements evidencing a desire and intent to file the 604(d) motion are sufficient to show the defendant's desire to proceed with an appeal. That counsel later filed the motion, albeit outside the 30-day limit, is further evidence of a defense intention to proceed with an appeal, as was the filing of the motion to delay transport until after the post-trial motions had been heard. We can only infer from the defense counsel's statements and actions in this regard that the defendant wished an appeal to be made. That the defendant retained private counsel and continued to proceed with the appeal further buttresses that conclusion. We find that the evidence in the record supports a conclusion that it was the defendant's desire and intention to appeal his conviction and sentence. Thus, he satisfied the burden mentioned in *People v. Williams* and could properly assert ineffective assistance of counsel in failing to perfect an appeal.

For the reasons stated, we reverse the decision of the trial court in denying the defendant's post-conviction petition and remand with direc-

6

tions to allow the defendant 30 days within which to file his Rule 604(d) motion and for further proceedings therefrom.

We do not reach the other issue sought to be raised by the appellant Nicewanner, as such issue can properly be included in any appeal which might result from actions taken after remandment. Should the court grant the defendant's motion to withdraw his plea and vacate the judgment, then the conviction and sentence will be vacated and the sentencing issue will no longer be relevant. Should the court deny the 604(d) motion on remandment, then the defendant can proceed with his appeal and raise the issues with respect to sentencing within such appeal.

The decision of the Circuit Court of Whiteside County is reversed and the cause is remanded with directions to permit the filing of defendant's Rule 604(d) motion and for further proceedings thereon.

Reversed and remanded with directions.

SCOTT, P. J., and STOUDER, J., concur.