THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
EARNEST JACKSON, Defendant-Appellant.

Third District    No. 81-238

Opinion filed July 14, 1981.

Robert Agostinelli and Thomas Lilien, both of State Appellate Defenders Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After the Illinois Supreme Court in *People v. Jackson* (1981), 84 Ill. 2d 350, reversed our decision in *People v. Jackson* (1980), 84 Ill. App. 3d 172, the cause was remanded to this court for consideration of an alleged error not considered in our previous decision.

As an additional assignment of error the defendant claims the sentences imposed are excessive.

Defendant was found guilty of two counts of armed robbery and one count of aggravated kidnapping by a jury in the Will County circuit court and sentenced to three concurrent 12-year terms. Defendant argues the sentences imposed are well in excess of the statutory minimums provided for the offenses and the sentences fail to take into account the rehabilitative potential of the defendant as required by the Illinois Constitution of 1970, article 1, section 2.

■■■ We have reviewed the evidence together with the observations of the trial judge and conclude that all of the aggravating and mitigating factors were considered. Weight to be given the factors is the function of the trial court, and notwithstanding the defendant's assertion that the factors were improperly weighed by the trial court, we find no reason for disturbing the evaluation of the factors made by the trial court and the imposition of sentences pursuant thereto.

For the foregoing reasons the judgments of the circuit court of Will County are affirmed.

Judgments affirmed.

ALLOY and BARRY, JJ., concur.