THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. THOMAS F. JOY, Defendant-Appellant.

Fifth District    No. 5—84—0423

Opinion filed December 10, 1986.—Rehearing denied January 8, 1987.

Roy Eugene Clark and Zari Ann Kalo, both of Clark Law Offices of Mt. Vernon, for appellant.

Robert Matoush, State's Attorney, of Salem (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, and Michael Simkin, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

Defendant, Thomas F. Joy, pleaded guilty to a six-count bill of indictment, charging him with six separate deliveries of a controlled substance (five counts—heroin; one count—psilocyn) on August 30,

1983. There was no prior agreement as to sentence. On November 4, 1983, extensive evidence in aggravation and mitigation was heard by the trial judge. At the conclusion of the sentencing hearing, the trial court took the matter under advisement and continued the case until November 17, 1983. On November 17, the judge denied the defendant's request for probation and sentenced him to a minimum sentence to the Department of Corrections for three years. The defendant thereafter appealed the trial court's disposition (cause No. 5—83—0810); however, because trial counsel failed to file a Rule 604(d) motion (87 Ill. 2d R. 604(d)) in the trial court, we remanded the case to the trial court under a mandate to allow the defendant to file for relief under Supreme Court Rule 604(d). The case has now returned to this court with the defendant appealing the trial court's ruling that it lacked jurisdiction and authority to consider a modification or reduction of his sentence.

■ Defendant's first contention on appeal is that the trial court erred in failing to consider the merits of his motion to reduce or modify his sentence. After his initial appeal was remanded to the trial court to enable counsel to file a Rule 604(d) motion, the defendant filed a motion entitled "Motion Pursuant to Rule 604." In this motion defendant incorporated a request under section 5—8—1(c) of the Unified Code of Corrections (hereinafter the Code) (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(c)), to reduce or modify his sentence. The trial judge refused to consider the merits of the motion based upon his conclusion that he had no jurisdiction to do so. The trial judge stated: "I'm finding that in reading the Appellate Court order to me which is at this juncture my only source of jurisdiction and authority to act *** [t]hat I am not entitled to be thinking about, that is to be considering modifying or reducing the existing sentence." On appeal defendant renews his argument presented to the trial court that the appellate court mandate created jurisdiction in the trial court to consider a motion to reduce or modify the sentence made under section 5—8—1(c) of the Code when hearing a motion pursuant to Supreme Court Rule 604(d). The defendant assigns as error the trial court's findings that: (1) the appellate court mandate did not give it jurisdiction and authority to consider a modification or reduction of sentence, and (2) that the evidence presented was not sufficient for a withdrawal of the plea of guilty. It is noteworthy that the defendant is not requesting that his plea be vacated on appeal but rather defendant is only attacking the sentence.

Upon being sentenced, the defendant was admonished of his appeal rights. At that point, the trial court had jurisdiction to consider

two separate and distinct motions by the defendant. One of these motions is pursuant to section 5—8—1(c) of the Code, requesting the trial court to reduce or modify the sentence of November 17, 1983. This motion must occur within 30 days of sentencing for the court to have jurisdiction. A motion to reduce or modify the sentence is not a prerequisite to an appeal nor does the failure to file such a motion in the trial court prejudice a defendant's appeal from a trial court's sentence. The second method is a direct appeal of the trial court's rulings. This was the method that defendant adopted to challenge his sentence. However, because his trial counsel failed to file a motion in the trial court under Supreme Court Rule 604(d) to withdraw his plea of guilty and vacate the judgment, this court remanded the case to the trial court under a mandate to allow the defendant to file for relief under Rule 604(d).

The Rule 604(d) motion is a procedural requirement of the Supreme Court Rules that "insures that constitutional claims which arise *dehors* the record *** will be first directed to the trial court and at a time when witnesses are still available and their memories fresh." In this way, the record would contain matters demonstrating if a plea of guilty was not voluntarily made. (*People v. Frey* (1977), 67 Ill. 2d 77, 84, 364 N.E.2d 46, 48-49.) The difference between a Rule 604(d) motion and a section 5—8—1(c) motion is demonstrated in the recognition that a plea of guilty is a bargain where both the defendant and the State obtain benefits and give up certain rights. As part of this bargain, both parties agree to accept whatever punishment the court might see fit to impose. (*People v. Edwards* (1977), 47 Ill. App. 3d 206, 361 N.E.2d 1144; *People v. Bryant* (1977), 45 Ill. App. 3d 428, 430-31, 359 N.E.2d 888, 890, *affirmed* (1977), 68 Ill. 2d 261, 369 N.E.2d 1254.) Because of this agreement, allowing the defendant to attack only the sentence imposed without requesting withdrawal of his plea would result in the State receiving less than it bargained for. (*People v. Stacey* (1977), 68 Ill. 2d 261, 265, 369 N.E.2d 1254, 1256.) The distinction between a request for a sentence modification under section 5—8—1(c) and a Rule 604(d) motion is further demonstrated in *People v. DeSoto* (1980), 84 Ill. App. 3d 226, 405 N.E.2d 476. In *DeSoto*, the appellate court concluded that the filing of a motion under section 5—8—1(c) of the Code and a delay in filing a Rule 604(d) motion beyond 30 days from the sentence did not comply with the 30-day requirement. The court stated:

> "We are of the opinion that Supreme Court Rule 604(d), read in conjunction with the foregoing statute (paragraph 1005—8—1(c)), does not allow the filing of a motion to modify sentence to

toll the 30-day time period required for filing a motion to withdraw a guilty plea." 84 Ill. App. 3d 226, 227, 405 N.E.2d 476, 477.

The defendant argues that the grounds for remanding this cause previously to permit defendant to file a Rule 604(d) motion was ineffective assistance of defendant's prior counsel and that such grounds should also justify consideration of a motion to modify sentence. This request overlooks the reason why remand was allowed based on the ineffective assistance of defendant's prior counsel. An appeal filed without compliance with Rule 604(d) deprives the defendant of his right to appeal after a plea of guilty by failing to vest jurisdiction in the appellate court. Thus, counsel's failure to file a Rule 604(d) motion constitutes a substantial flaw in his representation of a defendant desiring to appeal. However, a motion to modify or reduce a sentence pursuant to section 5—8—1(c) of the Code is not a prerequisite to an appeal and, accordingly, failure to file such a motion does not necessarily rise to ineffective assistance of counsel. An examination of the record in this cause leads us to conclude that defendant's trial counsel's failure to file the section 5—8—1(c) motion does not amount to ineffective assistance of counsel.

■ The defendant also argues that a mandate to allow a Rule 604(d) motion to be filed creates jurisdiction in the trial court to hear other matters, including a motion to modify or reduce the sentence. This argument was foreclosed by the Illinois Supreme Court in *People ex rel. Daley v. Schreier* (1982), 92 Ill. 2d 271, 275-76, 442 N.E.2d 185, 187-89. The mandate in the *Schreier* case directed Judge Schreier to correct an erroneous sentence. Upon remand, Judge Schreier took the position that, since a court may vacate its finding within 30 days after final judgment, there being no sentence but only a conviction, he had consequently retained jurisdiction over the case and could properly grant a motion for a new trial. Although Judge Schreier correctly noted that a judgment includes both a conviction and a sentence, the Illinois Supreme Court, after considering these propositions, explained why there was no jurisdiction:

"Even if we were to assume the correctness of this proposition, it is not applicable in the instant case. It is irrelevant whether or not respondent had jurisdiction to vacate his findings because there was no longer a final judgment. Respondent's order failed to comply with our mandate, and for that reason he lacked jurisdiction to enter it." (92 Ill. 2d 271, 279, 442 N.E.2d 185, 189.)

This court's mandate in the instant case was an unambiguous direc-

tion to the trial court "that this cause be and hereby is remanded to the circuit court of Marion County with instructions to allow defendant to file a motion to withdraw his plea of guilty." If the trial court found sufficient evidence to grant defendant's motion to withdraw his plea of guilty pursuant to Rule 604(d), the sentencing issue would have been moot. However, the trial court's finding that the evidence was insufficient precluded the trial court's consideration of a motion to modify the sentence because of the limited jurisdiction conferred by our mandate. In *People v. Nicewanner* (1981), 93 Ill. App. 3d 1, 416 N.E.2d 776, the appellate court put the issue presented by the defendant in the instant case in proper procedural perspective when it remanded that case for filing a motion under Rule 604(d). The court stated:

> "Should the court grant the defendant's motion to withdraw his plea and vacate the judgment, then the conviction and sentence will be vacated and the sentencing issue will no longer be relevant. Should the court deny the 604(d) motion on remandment, then the defendant can proceed with his appeal and raise the issues with respect to sentencing within such appeal." (93 Ill. App. 3d 1, 6, 460 N.E.2d 776, 780.)

Similarly, in the case at bar the trial court's finding that the evidence was insufficient to grant defendant's motion to withdraw his plea of guilty precluded the trial court's consideration of a motion to modify the sentence.

■ We also note that in considering the guidelines used by the appellate courts in reviewing a motion to withdraw a plea, there is no distinction drawn between a negotiated and nonnegotiated sentence (as in the case at bar) imposed after a plea of guilty. (*People v. Stacey* (1977), 68 Ill. 2d 261, 266, 369 N.E.2d 1254, 1256.) A guiding principal is to determine whether the refusal to grant a defendant's motion of withdrawal was an abuse of discretion when it appears that the plea of guilty was entered on a misapprehension of facts or the law. (*People v. Hale* (1979), 77 Ill. App. 3d 721, 723-24, 396 N.E.2d 317, 319.) The courts have recognized that a plea may also be involuntary due to a misapprehension as to the sentencing alternatives. This was not an issue presented by the defendant in this case. However, a guilty plea is not revocable merely because a defendant subjectively believed that he or she would receive a certain sentence but did not. *People v. Turner* (1982), 111 Ill. App. 3d 358, 372, 443 N.E.2d 1167, 1178.

■ Defendant's second contention on appeal is that the trial court's sentence was an abuse of discretion. The trial court in this

case, after consideration of all the evidence presented in mitigation and aggravation, sentenced the defendant to a minimum sentence of three years for the six controlled-substance deliveries, all Class 2 felonies. In reviewing the trial judge's sentencing remarks, we find that the court properly considered the various factors in aggravation and mitigation and that the trial court's sentence was not an abuse of discretion.

The defense complains of the use of the "compensation factor" in aggravation. We find that although the trial court improperly considered the fact that defendant received compensation for delivering the drugs as an aggravating factor (*People v. Berry* (1984), 122 Ill. App. 3d 1035, 462 N.E.2d 530), remandment for resentencing is not required in the instant case. It is clear that where it can be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required. *People v. Bourke* (1983), 96 Ill. 2d 327, 332, 449 N.E.2d 1338, 1340.

Defendant also complains that the trial court improperly relied on a Missouri conviction. The thrust of his argument is that because the conviction was eligible for expungement under Missouri law, the conviction was equivalent to supervision in Illinois and hence could not be considered by the sentencing court. (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—3.1(f).) The Illinois legislature, while protecting juvenile records from general public view and providing for expungement under limited circumstances (Ill. Rev. Stat. 1983, ch. 37, pars. 702—9, 702—11), has declined to protect offenders from the use of prior juvenile adjudications in sentencing (Ill. Rev. Stat. 1983, ch. 37, par. 702—10(b)). We note that at the time of defendant's sentencing, his 1979 conviction was not expunged. Defendant's conviction was expunged on May 7, 1984, but we decline to comment on whether that expungement was obtained in contradiction to the Missouri statute that provides for expungement only if the probationer, prior to his application to the court, has not been guilty of any offenses. Mo. Rev. Stat. sec. 195.290 (1983).

The defense presented numerous witnesses at the aggravation and mitigation hearing to convince the judge to sentence the defendant to probation. The evidence was designed to show that defendant was from a prominent family in Centralia, had graduated from college, was easily used by others, and had a substantial trust fund. Other testimony established that he worked for a minimum wage at his father's newspaper, that his family had problems, and that he lived with his mother expense-free. The witnesses suggested that

defendant should be excused for his conduct of selling heroin and that his actions should be blamed on others. We note that most of the defense witnesses came to these conclusions on direct examination by defense counsel even after they were informed of defendant's prior 1979 drug conviction. Defendant argues that his prior involvement with drugs, which apparently was not important to his friends and family, cannot be considered by the judge in his analysis of defendant's character. We disagree. The defendant also assigns as error the prosecutor's reference to defendant's lack of cooperation. We find that the prosecutor's reference to defendant's lack of cooperation was proper. The defendant, when pleading guilty, purports to demonstrate his remorse for committing the crimes, in hope of receiving a reduced sentence of probation. This, however, does not preclude the prosecutor from commenting on how limited the defendant's remorse was. Just as the defendant can argue that he was cooperative and voluntarily supplied information to the authorities, the prosecutor is permitted to indicate how limited defendant's cooperation was.

■■ ■ The defendant also asserts that the court did not adequately consider factors in mitigation. Part of this assertion is based upon the trial court's conclusions from the testimony of Dr. Tallon H. Brown. Dr. Brown, a counseling psychologist called on behalf of the defendant, testified against the defendant going to the penitentiary. The trial judge, when considering Dr. Brown's testimony in conjunction with the probation officer's recommendation of long-term counseling, concluded that this evidence contained certain aggravating factors among the mitigation factors. The evidence included the fact that Dr. Brown had failed in his counseling efforts with defendant, that defendant needed "long-term counseling," and that it would be very difficult to find the kind of resources that the defendant needs. Although Dr. Brown did not recommend punitive incarceration, he did recommend that defendant "be placed in some sort of a residential environment where he would get guidance, caring, nurturing." Dr. Brown also testified that prior counselors had been unsuccessful with defendant. He further indicated that without proper counseling, there would be no change in the defendant. We find that the trial court correctly concluded, based on this testimony, that certain factors in mitigation were not present. (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—5—3.1(a)(8), (a)(10).) We find that the defendant has failed to demonstrate that the trial court neglected to consider factors in mitigation of sentence. The record discloses that the trial court considered many factors and then specifically enumerated a list of those it felt necessitated the defendant's sentence. The trial judge need not recite and

assign a value to each fact presented in evidence at the sentencing hearing, and only substantial compliance with section 5—6—1 of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—1) is required when refusing to sentence a defendant to probation. (*People v. Talach* (1983), 114 Ill. App. 3d 813, 823, 448 N.E.2d 638, 645.) A proper sentence must be based on the particular factors of each case. (*People v. Atencia* (1983), 113 Ill. App. 3d 247, 254, 446 N.E.2d 1243, 1247, *cert. denied* (1983), 464 U.S. 917, 78 L. Ed. 2d 261, 104 S. Ct. 283.) It is not our function to substitute our judgment for that of the trial court merely because we might have balanced the appropriate factors differently if the task of sentencing had been ours. (*People v. Brownstein* (1982), 105 Ill. App. 3d 459, 466, 434 N.E.2d 505, 510, *cert. denied* (1982), 459 U.S. 1176, 74 L. Ed. 2d 1022, 103 S. Ct. 826.) Even if we might have granted probation to defendant sitting as trial judges, the denial of probation by the trial judge is not itself an abuse of discretion. *People v. Brown* (1975), 32 Ill. App. 3d 10, 13, 335 N.E.2d 512, 515.

■ We find that the minimum penitentiary sentence of three years was not an abuse of the trial court's discretion in this case, even assuming defendant was to be considered a "petty distributor" of heroin. (*People v. Pinchott* (1977), 55 Ill. App. 3d 601, 605, 370 N.E.2d 1294, 1297.) We find that the trial court carefully considered the evidence presented and balanced the factors appropriately, and there is no showing that it abused its discretion in entering the minimum prison sentence for the six Class 2 felonies.

■ Defendant's third and final contention is that Supreme Court Rule 615 (87 Ill. 2d R. 615) authorizes a reviewing court to reduce a sentence of imprisonment to that of probation. The defendant, by requesting that we consider a reduction of his sentence from three years' imprisonment to that of probation, is asking us to ignore the clear intent of the Illinois Supreme Court in *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541. In *Cox*, the supreme court was confronted with a legislative attempt to authorize a reviewing court to reduce a sentence of imprisonment to one of probation. The supreme court proceeded to find the legislative action to be in conflict with Supreme Court Rule 615, because it infringed upon the exclusive power of the supreme court to regulate by rule matters of appellate practice and procedure. In finding the legislative provision to be null and void, the supreme court made reference to its prior decisions that "determined that Rule 615 does not authorize a reviewing court to reduce a sentence of imprisonment to one of probation." (82 Ill. 2d 268, 275, 412 N.E.2d 541, 545.) Defendant attempts to sidestep the intent of

the *Cox* case and call a reduction of sentence from imprisonment to probation a modification of sentence. We find this contention to be without merit and find that we do not have authority to grant the relief requested by the defendant.

For the foregoing reasons, the judgment of the circuit court of Marion County is affirmed.

Affirmed.

KARNS, P.J., and WELCH, J., concur.