THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIE C. ULMER, Defendant-Appellant.

Second District   No. 2—86—0109

Opinion filed July 13, 1987.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert J. Morrow, State's Attorney, of Geneva (William J. Bowers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Willie Ulmer, the defendant, was charged by indictment with three counts of indecent liberties with a child. Counts I and II alleged

that on March 5 and March 12, 1984, the defendant engaged in two acts of lewd fondling with his stepdaughter, a 10-year-old child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(3)). Count III alleged that on March 19, 1984, the defendant committed an act of sexual intercourse upon the same complainant (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(1)).

The defendant entered a "blind" plea of guilty to each charge on December 31, 1984. The matter proceeded to a sentencing hearing on March 8, 1985, wherein the defendant was sentenced to four-year prison terms on both of the counts involving lewd fondling and an eight-year term on the count involving sexual intercourse, with all sentences to run concurrently.

At the sentencing hearing Ulmer testified on his own behalf and told the court: "I know what I did was wrong, but I will take responsibility for what I did, but it won't happen again." He indicated at the time of the offenses that he had been drinking, but had completely stopped since that time. He began seeing a counselor, on his own, following the offenses, and he had complied with a juvenile court order relevant to his being in the home when the 10-year-old stepdaughter was present. He also wanted to save his marriage.

Ulmer also indicated that he had been employed as a truck driver for the previous 10 years and now acted as an independent contractor with the United States Postal Service, earning $40,000 per year. Further, Ulmer had donated a kidney to one of his brothers in 1971.

Detective Robert Wiggins of the Carpentersville police department, testifying on behalf of the prosecution, stated that Ulmer had come to the police station on his own and was cooperative during the questioning. He had only minor police contact, that being for unlawful use of a license in 1971.

The defendant's wife, called as a prosecution witness, testified favorably for the defendant. She stated that four children lived with her in their home and that Ulmer had contributed to their support. She felt the marriage could be saved, that her husband had expressed regret over his conduct, and would not constitute a hazard to the family if he were granted probation. The minor child testified she did not know whether she wanted the defendant living in the same house with her, but she also testified she would not be afraid that he would commit any further sexual acts upon her if he did come back to her house.

The court first heard argument on the question of whether to grant Ulmer probation, which it denied.

Argument was then presented relevant to the prison sentence.

The prosecutor asked for the statutory minimum four-year prison term. Speaking on his own behalf Ulmer told the court: "[W]hat I did was wrong. I take responsibility, you know. If the court please, I know that I did make a mistake. Like I say it won't happen again." The court then announced its decision.

"THE COURT: Well, let me state this: The Court has considered the pre-sentence report, I've also listened carefully to the testimony of all the witnesses this morning and I've heard the arguments of both counsel, taken those into consideration and the statement of the defendant. It is the conclusion of the Court, Mr. Ulmer, that this particular offense is most repugnant to society and could very well leave a permanent scar on this young lady. The invasion of a body of anyone should be protected and particularly that of a ten-year old child.

It is the consideration of this Court that you be sentenced with respect to Count 1 to the Illinois Penitentiary for a period of four years and pay costs. Likewise the same sentence will be ordered with respect to Count 2. With respect to Count 3, the sentence should be for a period of eight years. The sentences shall be served concurrently."

On April 4, 1985, defendant filed a timely motion pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) to withdraw his guilty plea. The defendant then filed an amended motion to withdraw his guilty plea and a motion to reconsider sentence on November 19, 1985. The trial court denied the amended motion to withdraw his guilty plea on January 23, 1986, but never ruled on the motion to reconsider sentence. On appeal defendant contends that the eight-year sentence was excessive and an abuse of the trial court's discretion. We affirm.

■ The State contends that defendant has failed to preserve for appellate review his issue relating to the nonnegotiated sentence imposed following his plea of guilty because the motion to reconsider sentence was not ruled upon and because the sentencing issue was not included in his amended motion to withdraw guilty plea. A defendant who pleads guilty and wishes to appeal his sentence must file a motion in the trial court pursuant to Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) to withdraw his guilty plea within 30 days of sentencing, but does not need to seek modification or reduction of his sentence by the trial court in order to preserve this issue for appellate review. (*People v. Joy* (1986), 150 Ill. App. 3d 310, 313-15, 501 N.E.2d 1325.) Since defendant did file a timely motion pursuant to Rule 604(d), and this motion was denied by the trial court, he has pre-

served the sentencing issue for appellate review.

■ Defendant argues that the court erred by imposing an eight-year sentence rather than the minimum four-year term for indecent liberties with a child. The sentencing decision of the trial court is entitled to great deference and will not be disturbed upon review unless it is an abuse of discretion. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.) In reaching its sentencing decision, the trial court relied largely upon the psychological harm to the victim, a 10-year-old child. This was a proper aggravating factor for the trial court to consider. (*People v. Burton* (1981), 102 Ill. App. 3d 148, 154, 429 N.E.2d 543; *People v. Lloyd* (1981), 92 Ill. App. 3d 990, 996, 416 N.E.2d 371.) Furthermore, the fact that the trial court described defendant's offense as "most repugnant to society" does not constitute grounds for reversal of the sentence as defendant suggests. *People v. Edmondson* (1982), 106 Ill. App. 3d 716, 725, 435 N.E.2d 870.

■ Defendant also contends that the trial court abused its discretion by failing to consider mitigating factors in reaching its sentencing decision. The record reflects otherwise, however. The trial judge specifically stated that he listened carefully to all witnesses' testimony, argument of counsel, and that he considered the defendant's statement at the sentencing hearing, as well as the presentence report, all of which contained mitigation evidence, in reaching his sentencing decision. In addition, if the trial court has articulated an aggravating factor or factors, it will be presumed that the trial court has considered any mitigation evidence as well, absent any indication to the contrary, other than the length of the sentence. (*People v. Baker* (1983), 114 Ill. App. 3d 803, 811, 448 N.E.2d 631.) In the instant case, the trial court did articulate an aggravating factor, and there is nothing in the record to indicate that it failed to consider mitigation evidence. It must therefore be presumed that the trial court considered the mitigation evidence that was presented. The trial court did not abuse its discretion in sentencing defendant to an eight-year term, and its sentence is affirmed.

Affirmed.

LINDBERG, P.J., concurs.

JUSTICE WOODWARD, dissenting:

I respectfully dissent from the opinion of this court. This dissent is based upon the failure of the trial court to follow the procedures prescribed in the Unified Code of Corrections in sentencing. Though

defendant did not specifically contest the trial court's failure to follow the statutory requirement to state on the record factors in mitigation, the issue is of sufficient importance to serve as the basis of this dissent. Section 5—4—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(c)) provides:

> "In imposing a sentence for a felony ***, the trial judge shall *specify on the record the particular evidence, information, factors in mitigation and aggravation* or other reasons that led to his sentencing determination. The full verbatim record of the sentencing hearing shall be filed with the clerk of the court and shall be a public record." (Emphasis added.)

The legislative purpose in enacting this provision was to eliminate speculation regarding the basis of the trial court's sentencing decision so as to enable the reviewing court to determine more intelligently whether the sentence was properly predicated on statutory criteria. *People v. Goodman* (1981), 98 Ill. App. 3d 743, 751; *People v. Meeks* (1979), 75 Ill. App. 3d 357, 364.

In the case before us, the only findings made by the trial court were those in aggravation, namely, that the particular offense is most repugnant to society and that the defendant's sexual assault could very well leave a permanent scar on the victim. The trial court made no mention of any evidence or factors in mitigation. Certain of those factors are statutorily defined. Defendant's only police record consists of a term of probation for one year without reporting on the traffic violation of unlawful use of a license (see Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1(a)(7)). Defendant was found by the Adult Court Services for the Sixteenth Judicial Circuit to meet "intensive probation supervision" eligibility criteria (see Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1(a)(10)). Defendant is primarily responsible for the financial support of his wife, their one child, and three of her children from a previous marriage (see Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1(a)(11)).

There were also other mitigating factors that the court did not address. The defendant demonstrated remorse and regret over the charges at bar. When the charges arose, he underwent counseling and ceased his consumption of alcohol on his own volition. He was fully cooperative with the police and offered a complete statement of his culpability. He fully complied with the juvenile court order to stay out of the house while the victim was present. He was out on bond throughout the legal proceedings without incident. He entered a blind plea of guilty, apparently due to his interest in saving his marriage and saving his family the burden of having to undergo a trial. His

wife believed in the sincerity of his remorse and wanted him to be given probation. He had an excellent employment record, most recently working as an independent trucker contracting with the U.S. Postal Service.

Here, the State argues and the majority concurs, that it is sufficient for the trial judge to state that he considered the factors listed in the presentence report and argued by defense counsel. This does not comply with section 5—4—1(c) of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—4—1(c)), nor does it comply with the observations of this court in *People v. Goodman* (1981), 98 Ill. App. 3d 743, where the court stated as follows:

> "We do not read *Smith*, however, as dispensing altogether with the statutory and constitutional requirement that the trial court affirmatively indicate in the record that it has considered mitigation factors and rehabilitative potential at some stage of the sentencing proceeding. Nor should the supreme court's decision in *Meeks* that not every fact in evidence need be recited and assigned a value be construed to mean that no recitation of mitigation and rehabilitation evidence is ever necessary. Such a rule would, in some cases, compromise the appellate process by substituting mere speculation for informed judicial review of the basis for a trial court's sentence. Moreover, it would render even more difficult our task of determining whether the lower court abused its discretion. As the cases cited earlier in this opinion persuasively demonstrate, the requirement of disclosure on the record was meant to facilitate, not to impede this inquiry." 98 Ill. App. 3d 743, 752.

The majority cites *People v. Baker* (1983), 114 Ill. App. 3d 803, as dispositive of the issue in this case. On its facts, *Baker* is clearly distinguishable from the instant case. In *Baker* neither the State nor the defendant offered any evidence in aggravation or mitigation. The presentence report indicated that the defendant had spent most of his life in penal institutions and that he had an explosive personality. The report also set forth the many offenses which he had committed over the years. Here we have a defendant who has put forth a number of mitigating factors and who has a police record limited to probation for a traffic violation.

The majority finds that it must be presumed that the trial court considered the mitigating evidence that was presented. This substitutes a presumption for informed judicial review of the basis for a trial court's sentence, and, thus, as stated in *People v. Goodman*, it compromises the appellate process. From this record, it can't be de-

termined what, if anything, the trial court considered in mitigation of the sentence. In light of the fact that the State asked for the four-year minimum sentence and also that the Adult Court Services for the Sixteenth Judicial Circuit found that the defendant met intensive probation supervision eligibility criteria, it is not certain that the trial court considered any factors in mitigation as required by section 5—4—1(c). A new sentencing hearing would determine whether the proper criteria were considered; it does not necessarily dictate a different result, but the record should be clarified on this requirement.

For the above-stated reasons, I would vacate the sentence and remand to the circuit court of Kane County for a new sentencing hearing consistent with the statutory requirements.