THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WAYNE E. BALSAR, Defendant-Appellant.

Second District   No. 2—87—0478

Opinion filed January 23, 1989.

G. Joseph Weller, Robert C. Cooper, and Thomas A. Lilien, all of State Appellate Defender's Office, of Elgin, for appellant.

Charles R. Hartman, State's Attorney, of Freeport (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

The defendant, Wayne E. Balsar, appeals from a judgment of the circuit court sentencing him to six years' incarceration in the Department of Corrections for the offense of aggravated criminal sexual abuse. His sole appellate contention is that the sentence was excessive.

On June 27, 1986, the defendant entered a negotiated plea of guilty to the crime of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(c)(1)). In return for his guilty plea, the State agreed to nol-pros two other counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16(d)) and two counts of child pornography (Ill. Rev. Stat. 1985, ch. 38, par. 11—20.1(a)(1)(vii)). The court accepted the defendant's plea of guilty, entered a judgment of conviction, and, after holding a sentencing hearing on August 15, 1986, sentenced defendant to a six-year prison term in the Department of Corrections. On May 22, 1987, the court denied the defendant's petition to withdraw his guilty plea, and he appeals.

In support of his contention that his sentence is excessive, the defendant argues that the trial court ignored key evidence regarding his potential for rehabilitation and imposed a six-year sentence even though the court found five statutory factors in mitigation. Before responding to the defendant's sentencing argument, the State raises two matters which we will address first. The State points out that defendant's petition to withdraw his guilty plea was "tardily filed" and argues that, even assuming that the petition is deemed sufficient to invoke appellate jurisdiction, the sentencing issue the defendant now presents is waived for failure to raise it in his petition to withdraw his guilty plea. In his reply brief the defendant responds (1) that the potential jurisdictional defect to which the State adverts is nonexistent when the particular facts of this case are considered and (2) that the waiver argument also lacks merit because defendant did raise the sentencing question he advances on this appeal in his petition to withdraw the plea of guilty.

Supreme Court Rule 604(d) (107 Ill. 2d R. 604(d)) states that an appeal that is based on a judgment of conviction entered pursuant

to a guilty plea may not be taken unless the defendant files in the trial court, within 30 days of the judgment in question, a motion to withdraw his plea of guilty and vacate the judgment. (See *People v. Ulmer* (1987), 158 Ill. App. 3d 148, 150, 510 N.E.2d 1296, 1298.) A timely motion to withdraw a guilty plea is a condition precedent for an appeal from a defendant's plea of guilty. (*People v. Ledbetter* (1988), 174 Ill. App. 3d 234, 236, 528 N.E.2d 375, 376; see *People v. Wilk* (1988), 124 Ill. 2d 93, 105, 107, 529 N.E.2d 218, 222-23.) In the present case, John Graff, the public defender who had represented the defendant at the time of the plea and sentencing proceedings, made an oral motion to withdraw the plea on September 12, 1986, less than 30 days after the trial court imposed sentence on August 15, 1986. Defense counsel indicated that he would file a written motion to withdraw the plea one week later, on September 19. On that date, however, counsel asked for an additional week to file the written motion, and when the State had no objection to the extension of time, the court set the petition to withdraw the guilty plea for a hearing on September 26, 1986. However, on September 23, 1986, the court allowed Mr. Graff to withdraw as counsel so that the defendant would be able to allege in his petition that the public defender rendered ineffective assistance of counsel and appointed attorney William Sisler to represent the defendant.

Attorney Sisler, who did not receive notice of his earlier appointment until October 22, 1986, filed on December 4, 1986, a motion for leave to file a motion to withdraw the guilty plea. Approximately two weeks later, on December 19, the court granted the motion and gave attorney Sisler 30 days to file a motion to withdraw the defendant's guilty plea. We note that the State agreed to the court's action. Attorney Sisler, however, did not file the petition to withdraw the guilty plea until March 9, 1987.

■ Based on the scenario of events set forth above, we conclude that the defendant's late filing of his written petition to withdraw his guilty plea—which was finally filed by his counsel almost seven months after the court imposed sentence—does not comply with the 30-day filing requirement of Rule 604(d) and our supreme court's teaching in its recent opinion in *People v. Wilk.* However, although the defendant has failed to comply with Rule 604(d) in a timely manner, he should not be penalized for failing to follow the proper procedure where, as in this case, the trial court failed to admonish him properly as is required by Supreme Court Rule 605(b) (107 Ill. 2d R. 605(b)). (See, *e.g., People v. Favelli* (1988), 176 Ill. App. 3d 618, 623; *In re R.L.B.* (1987), 158 Ill. App. 3d 175, 511 N.E.2d 836.) Our exami-

nation of the record reflects that the trial court failed to admonish the defendant (1) that the timely filing of a written motion to withdraw his plea was a condition precedent to his right to appeal (see 107 Ill. 2d R. 605(b)(2)) and (2) that any issue he did not raise in the motion would be waived (see 107 Ill. 2d R. 605(b)(6)). In this circumstance, we elect to consider the defendant's appeal notwithstanding his failure to comply with the 30-day filing requirement of Rule 604(d). *People v. Dorsey* (1984), 129 Ill. App. 3d 52, 55, 471 N.E.2d 1053, 1055; *People v. Miller* (1982), 107 Ill. App. 3d 1078, 1082, 438 N.E.2d 643, 646-47.

In similar vein, although we agree with the State that the defendant did not raise in his petition to withdraw his plea the same sentencing issue he asks us to adjudicate now, thereby normally waiving this issue on appeal (see 107 Ill. 2d R. 604(d); *People v. Bartik* (1981), 94 Ill. App. 3d 696, 698-99, 418 N.E.2d 1108, 1110-11), we decline to apply the rule of waiver in this case because the trial court failed to advise the defendant in accordance with Rule 605(b)(6) (107 Ill. 2d R. 605(b)(6)) that any issues he failed to present in his motion to withdraw his guilty plea shall be deemed waived. See, *e.g., People v. Waldorf* (1981), 94 Ill. App. 3d 976, 980-81, 419 N.E.2d 428, 431-32.

We address now the question whether the six-year sentence of imprisonment the court imposed on defendant for the offense of aggravated criminal sexual abuse is excessive. We have noted on many occasions the general principles of law applicable when determining whether the trial court abused its discretion in imposing a particular sentence (see, *e.g., People v. Keyes* (1988), 175 Ill. App. 3d 1013, 1019-20, 530 N.E.2d 708, 711-13; *People v. Ulmer* (1987), 158 Ill. App. 3d 148, 151, 510 N.E.2d 1296, 1298; *People v. Jenkins* (1984), 128 Ill. App. 3d 853, 857, 471 N.E.2d 647, 650-51; *People v. Bergman* (1984), 121 Ill. App. 3d 100, 109-11, 458 N.E.2d 1370, 1377-79), and we need not repeat these long-standing precepts in detail here.

■ With respect to the defendant's argument that the trial court imposed a six-year sentence even though it found five statutory factors in mitigation (see Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.1(a)), we agree with the State that the defendant has mischaracterized the record in this respect. A fair reading of the court's comments discloses that at best it only found three statutory mitigating factors: that the defendant's criminal conduct did not cause or threaten serious physical harm to the victim; that the defendant had no prior criminal record; and that the imprisonment of the defendant might entail a hardship to his dependent child. (See Ill. Rev. Stat. 1985, ch. 38, pars. 1005—5—3.1(a)(1), (a)(7), (a)(11).) In any event, we need not engage further in the debate concerning how many factors in mitigation

of the offense the trial court found and considered, for the task of weighing the various aggravating and mitigating factors is the unique function of the trial court. *People v. Mullinex* (1984), 125 Ill. App. 3d 87, 91, 465 N.E.2d 135, 139; *People v. Jackson* (1981), 97 Ill. App. 3d 928, 929, 424 N.E.2d 83, 84.

■■ ■ We also disagree with the defendant that the court ignored "key evidence" regarding his potential for rehabilitation. The record of the comments of the court before imposing sentence upon the defendant reflects that it gave ample consideration to the degree of rehabilitative potential the defendant possessed. We find particularly significant in this regard the court's findings (1) that the defendant's criminal conduct was the result of circumstances that were likely to recur, albeit with a different victim; and (2) that the defendant lacked a true sense of remorse for his conduct—a conclusion the presentence report also reached. In addition, we note here that the trial court had before it evidence that the defendant engaged in similar criminal, sexual conduct with at least one, and possibly two, of the victim's older brothers. Although, as the defendant points out, both the Illinois Constitution (Ill. Const. 1970, art. I, §11) and section 1—1—2(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 100—1—1—2(d)) mandate the sentencing judge to consider the defendant's potential for rehabilitation in determining an appropriate sentence, the court is not obligated to assign more weight to this factor than to the seriousness of the offense (*People v. Keyes* (1988), 175 Ill. App. 3d 1013, 1020, 530 N.E.2d 708, 712; *People v. Mack* (1985), 133 Ill. App. 3d 788, 793, 479 N.E.2d 445, 448-49) and is not required to recite and ascribe a value to each fact that is presented in evidence at the sentencing hearing. (*People v. Meeks* (1980), 81 Ill. 2d 524, 534, 411 N.E.2d 9, 14; *People v. Keyes*, 175 Ill. App. 3d at 1019, 530 N.E.2d at 712.) As the trial court emphasized, the offense in question was most serious. The defendant, a 58-year-old man, was convicted of fondling the penis of a nine-year-old child, whose mother informed the presentence investigator that the victim was upset for a week after the offense and still is afraid of the defendant. Upon considering the trial court's remarks during the sentencing hearing and the gravity of the current offense, we conclude that the court properly assessed defendant's rehabilitative potential.

■■ The trial judge correctly noted that the defendant, who received a six-year sentence, was eligible for an extended-term sentence of from 7 to 14 years' imprisonment because of the young age of the victim (see Ill. Rev. Stat. 1985, ch. 38, pars. 12—16(e), 1005—8—2(a)(4); Ill. Rev. Stat., 1986 Supp., ch. 38, par. 1005—5—3.2(b)(4)(i)).

After a review of the record in this cause, we find that the trial court did not abuse its broad sentencing discretion inasmuch as the defendant could have received a sentence far greater than the one actually imposed. It appears that the defendant desires that we substitute our judgment for that of the court below, which was in a superior position to weigh the relevant sentencing matters, and we decline to do so. *People v. Cox* (1980), 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547; *People v. Barrios* (1985), 136 Ill. App. 3d 197, 204-05, 483 N.E.2d 16, 21.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LINDBERG and REINHARD, JJ., concur.